### J. A. J. BRADFORD v. E. WESTBROOK, TAX COLLECTOR.

Decided June 3, 1905.

**1.—Municipal Bonds—De Facto Corporation—Reincorporation.**

Bonds duly issued by a *de facto* town corporation, and assumed by a succeeding *de jure* corporation, in conformity with the statute authorizing such assumption, are valid, notwithstanding the town may have had less than the requisite one thousand inhabitants during the life of the de facto corporation. (Rev. Stats., art. 616, as amended by Acts of 1897, p. 64.)

**2.—Same—Injunction—Parties.**

An injunction will not lie at the instance of a taxpayer to restrain the collection of a tax levied to pay town bonds, where neither the town nor the holders of the bonds are made parties to the proceeding.

Appeal from the District Court of Nolan. Tried below before Hon. Jas. L. Shepperd.

*J. F. Eidson* and *Beall & Beall,* for appellant.—1. Municipal corporations, being creatures of the law, which laws are mandatory, can only be created and exist by a compliance with such laws, hence, the attempted incorporation of the town of Sweetwater with a population of less than 1,000 in 1897, or its attempt to adopt the statutes pertaining to cities and towns prescribing that the population of such incorporated town should not be less than 1,000, and the fact that the corporate limits embraced territory unauthorized by statute, said pretended incorporation was void *ab initio,* and the incorporation so attempted in 1897 did not constitute an incorporation de facto, and its council was without authority of law to create the indebtedness questioned in this suit, or to do and perform any other corporate act. 1 Smith's Mod. Law, Munic. Corp., sec. 293, notes 68, 69; Town v. Bullis, 25 Iowa, 12; Huff v. Pruitt, 53 S. W. Rep., 844; State v. Frost, 54 S. W. Rep., 986; Town of Woodbury v. Brown, 50 S. W. Rep., 743; State v. Belby, 60 Kan., 130.

2. Corporation indebtedness, created by a corporation annulled and declared to be void thereafter by a court of competent jurisdiction, declaring such corporation as having no existence in law, can not be legally assumed by a subsequent incorporation of the same town or territory, and made thereby to become a binding obligation upon such new or subsequent incorporation. 1 Smith's Munic. Corp., secs. 258, 261, 479, note 162; Ewing v. Commissioners Court, 83 Texas, 664; 59 Am. St. Rep., 638, and cases there cited.

*Ragland & Crane,* for appellee.—The validity of the incorporation of a municipal corporation can be questioned or inquired into only by the State, and that by direct proceedings. There was statutory authority for the incorporation of Sweetwater in 1897, and for the making of a bonded debt and an effort was made to comply with the terms of that authority, and a citizen can not inquire whether the law was fully complied with or not. The exercise of the functions of the municipal corporation by its officers make it a *de facto* corporation whose acts and obligations are valid and binding on its successor in the same territory, especially where expressly assumed by the latter. Batts' Rev. Stats., arts. 466, 467, 4343; Rev. Stats., art. 616, as amended in 1897 (Batts' Rev. Stats., Appen. p. 1124); Rankin v. McCallum, 60 S. W. Rep., 977; Graham v. City of Greenville, 67 Texas, 62; White v. City of Quanah, 27 S. W. Rep., 839; City of Brownwood v. Neel, 43 S. W. Rep., 890; Shapleigh v. City of San Angelo, 167 U. S., 646; 3 Rose's Notes on U. S. Rep., Supplement, p. 840, citing additional authorities under last case; Smith's Mod. Law, Mun. Corp., sec. 64.

2. A city or town corporation can legally assume to pay all of the

obligations of a preceding and de facto corporation in the same territory, and in no event can the collection of a tax to pay bonds so assumed be enjoined on the ground that the bonds are invalid unless the bond holders be made parties. Rev. Stats., art. 616, as amended in 1897 (Batts' Rev. Stats., Appen., p. 1124); Rankin v. McCallum, 60 S. W. Rep., 975; City of Brownwood v. Neel, 43 S. W. Rep., 890; Shapleigh v. San Angelo, 167 U. S., 646; Dwyer v. Hackworth, 57 Texas, 245; King v. Commissioners' Court, 10 Kan., 114; Smith's Mod. Law of Munic. Corp., sec. 64.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought to enjoin the collection of a tax levied in the year 1902 by the town of Sweetwater for the payment of bonds issued in the year 1898 by the town of Sweetwater when it was a *de facto* corporation only. This acting corporation was dissolved by decree of court at the instance of the State, in a quo warranto proceeding, in the following year. The people of the same territory reincorporated in 1902, and assumed to pay the bonds, levying a tax for that purpose.

The petition for injunction, even with the aid of the supplemental petition, did not entitle appellant to any relief whatever. In the first place, neither the town of Sweetwater nor the holder of the bonds sought to be invalidated was made a party to the suit; and in the second place, the facts stated utterly failed to impeach the validity of the bonds. Being issued by a *de facto* corporation in conformity with the law authorizing a *de jure* corporation to issue bonds, and being assumed by the succeeding *de jure* corporation in conformity with the statute authorizing such assumption, the bonds were valid obligations, notwithstanding the town may have had less than 1,000 inhabitants, as alleged, during the life of the *de facto* corporation. The cases sustaining this view are both numerous and familiar.

The judgment sustaining a general demurrer to the petition is therefore affirmed.

*Affirmed.*