OSWALD MELDE ET AL. v. JOHN MELDE ET AL.

Decided November 23, 1910; January 4, 1911.

**1.—Partition—Parties—Fundamental Error.**

All persons having an estate in the land must be parties to a suit for its partition. In an action for partition between heirs in which the interest of an heir not made a party was not shown by either the pleading or proof to have been acquired by either litigant, a decree for partition presents fundamental error necessitating reversal.

ON MOTION FOR REHEARING.

**2.—Same.**

The surviving husband being entitled to control and dispose of the community estate only where deceased left a child surviving (Rev. Stats., art. 2221), his release, as such survivor, of the wife's interest in the estate of her father, if evidence of her death, would equally show that she left a surviving child, a necessary party to a suit to partition the land of her father between his heirs.

Appeal from the District Court of Lee County. Tried below before Hon. Ed. R. Sinks.

*Wm. O. Bowers,* for appellants.

*Watson & Simmang,* for appellees.—The judgment disposes of all the interested parties and until positive affirmative proof appears that a party is omitted therefrom, who is alive and who should have been made a party, the court will not indulge in chance speculations and continue a case. Rev. Stats., art. 3372; Wright v. Gussett, 31 Texas, 486. The proof showed without question that Mrs. Herman Urban was dead and her husband had receipted in full for his share of the property, and failed to show that Mrs. Urban had children when she died. Rev. Stats., arts. 1688, 1689, 2219; Nehring v. McMurrian, 53 S. W., 381; Railway Co. v. Howell, 105 S. W., 562.

KEY, CHIEF JUSTICE.—According to the undisputed proof in this case Andrew Melde was married twice and had two sets of children. By his first wife, who died in 1874, he had eight children, viz: Ernstine Simack, Emma Kieschnick, John Melde, Charles Melde, Hermann Melde, Mrs. Hermann Urban, Henry Melde, and Lena Wuensche. By his second wife, who died in 1904, he had nine children, whose names it is not necessary to state. He died in 1908, and shortly thereafter this suit was instituted for the purpose of partitioning his estate.

The original petition is not in the transcript, but was substituted by a first amended original petition, in which Hermann Melde, Charles Melde, John Melde and J. B. Simack were plaintiffs, and the children of Andrew Melde by his second wife were defendants. The petition alleges that Andrew Melde and his first wife had eight children, giving their names as above stated, and alleged that Mrs. Herman Urban is dead. It was also alleged that the plaintiff J. B. Simack had acquired all the interest in the property formerly owned by Ernstine Simack and her husband, Emma Kieschnick and her husband, and Henry Melde, and that the plaintiffs and defendants were each entitled to one-seventeenth of the estate of Andrew Melde, deceased. The petition contained no other allegation concerning Mrs. Urban and Lena Wuensche. However, without being made a party to the first amended petition, Mrs. Wuensche filed an answer in which she adopted all the pleadings filed by the plaintiffs, and prayed for judgment for her interest in the property.

The defendants filed answers, including a general denial and a special plea, alleging that none of the plaintiffs were entitled to recover, because the children of Andrew Melde by his former wife had received advancements from him, in consideration of which they had executed releases cutting them off from any right to inherit any portion of his estate.

There was a non-jury trial, which resulted in a decree awarding to J. B. Simack an undivided three-thirty-seconds and to Lena Wuensche, John Melde, Charles Melde and Hermann Melde, each one-thirty-second of the property, and to each of the defendants twenty-five-two hundred and eighty-eighths thereof, and commissioners were appointed to partition the same. The defendants have appealed and complain of the action of the trial court in refusing to hold that the releases pleaded by them estopped the plaintiffs from asserting title to any of the estate of Andrew Melde, deceased.

There is fundamenal error apparent upon the face, of the record, which requires the case to be reversed. While the plaintiffs alleged in their petition that Mrs. Hermann Urban was dead, it failed to disclose what had become of her interest in her father's estate, and there was no proof that she was dead. The plaintiffs' petition, as well as the testimony submitted thereunder, disclosed an absolute necessity for further allegation and proof, and perhaps additional parties, before a proper decree could be rendered (Buffalo B. Ship Channel Co. v. Bruly, 45 Texas, 8; De la Vega v. League, 64 Texas, 205). It appearing that Mrs. Urban was a child of Andrew Melde, deceased, the pleadings and proof should have shown that her interest in the property had been acquired by one or more of the parties to the suit, or she or her heirs should have been made parties.

As the record indicates that other persons who have not had their day in court may be brought into the case, we deem it improper for this court at this time to pass upon the questions which are decisive of the rights of the parties. Therefore, without deciding other questions, and for the reasons stated, the judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

In this motion it is insisted that the testimony shows that Mrs. Herman Urban, one of the children of the deceased ancestor, was dead; and in support of that insistence, reference is made to a release executed by Herman Urban, in which he is described as community administrator of the estate of Annie Urban, nee Annie Melde, deceased. If the recital referred to can be considered as proof of the death of Mrs. Urban, it is also proof of the fact that she left one or more children who inherited her interest in her father's estate, and therefore should have been made parties to this suit. Under article 2221, Revised Statutes, Herman Urban was not entitled to administer upon the community estate unless his deceased wife left a surviving child; and if the recital referred to establishes the fact that Mrs. Urban was dead, it is also sufficient to show that she left one or more children surviving her, as otherwise her husband could not lawfully have qualified as administrator of the community estate.

Motion overruled.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.