## RENSHAW v. ARNETT.

(Court of Civil Appeals of Texas. Ft. Worth. June 21, 1913.)

1. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—PARTY NOT ENTITLED TO RELIEF.

Under Court of Civil Appeals Rule 62a (149 S. W. x), providing that no judgment shall be reversed unless it is calculated to produce, and probably did produce, an erroneous judgment, a refusal to restrain the collection of a special tax for a school district alleged to be illegal will not be reversed, where the statement of facts does not show that plaintiff was a resident of, or property owner in, the district.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 107*)—TAXATION—INJUNCTION—PARTIES.

Under Rev. Civ. St. 1911, art. 2822, making school districts bodies politic and corporate with power to sue and be sued, it was necessary to join the district as a party to a suit to restrain the collection of a special tax levied for a school district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Suit by J. A. Renshaw against M. A. Arnett. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Carswell, of Decatur, for appellant. McMurray & Gettys, of Decatur, for appellee.

SPEER, J. This is an injunction suit brought by appellant to restrain appellee, as tax collector of Wise county, in the collection of a special school tax in common school district No. 80 in said county. As a ground for relief the complainant alleged certain irregularities in the manner of making the levy. The case was tried without a jury resulting in a judgment denying the relief sought.

[1] The assignments presented complain of the trial court's findings of fact and of his conclusions of law, even if those findings be permitted to stand. We shall not pause to consider the merits of these assignments,

however, since in no event would we reverse the judgment of the district court for an error unless from the record it appears that such error was calculated to produce, and probably did produce, an erroneous judgment. Rule 62a (149 S. W. x). There is a statement of facts in the record, but an examination of it fails to disclose that appellant was a resident of, or property owner in, the district affected by the levy complained of. It is not shown, in short, that his rights in any manner whatever would be interfered with by the collection of the taxes sought to be enjoined, or in fact that he had any interest whatever in the subject-matter of the suit.

[2] Besides, it appears that common school district No. 80, which by statute (Revised Statutes 1911, art. 2822) is made a body politic and corporate with power to sue and be sued, was not a party to the proceedings. Such district, affected materially as it necessarily would be by enjoining the collection of the taxes belonging to it, was a necessary party to any judgment that might be rendered. Bradford v. Westbrook, 39 Tex. Civ. App. 638, 88 S. W. 382; Watkins Land Co. v. Clements, 98 Tex. 578, 86 S. W. 733, 70 L. R. A. 964, 107 Am. St. Rep. 653; Biggs v. Lee, 137 S. W. 138.

The judgment of the district court is affirmed.