MINEAR et al. v. McVEA et al. (No. 5669.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊗⇒27 — PUBLIC SCHOOLS—ESTABLISHMENT OF DISTRICT.

Where an order establishing a school district described the boundaries, stating the acreage of each survey, the fact that territory was taken out of the district as originally constituted and allotted to other districts, without describing them by metes and bounds, does not render invalid the order creating the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. ⊗⇒ 27.]

2. SCHOOLS AND SCHOOL DISTRICTS ⊗⇒27 — ESTABLISHMENT OF DISTRICT.

While the district court, in the exercise of the supervisory control over the commissioners' court, may by mandamus compel a change in the boundaries of a school district which has been arbitrarily laid out for selfish purposes, instead of the convenience of the scholastic population, taxpayers within the district cannot, on

the theory that the district was not laid out for the benefit of the scholastic population, enjoin collection of taxes, where they did not seek relief by mandamus to compel a change in the district line, but waited until it was sought to collect the taxes, and then attempted to have the order creating the district declared void. for the order is not void, but at most only voidable, on appropriate quo warranto proceedings brought against the trustees in accord with Acts 34th Leg. c. 36, declaring the trustees to be a body corporate, which may sue and be sued.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. ⬯ 27.]

3. SCHOOLS AND SCHOOL DISTRICTS ⬯27 — SUITS TO DECLARE DISTRICT VOID—NECESSARY PARTY.

As Rev. St. 1911, art. 2822, makes the trustees of a school district a body corporate, such trustees are necessary parties to a suit to declare the organization of the district void, and failure to join them renders the petition demurrable.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. ⬯27.]

4. PARTIES ⬯75(7)—OBJECTIONS—DEMURRER —GROUNDS OF.

The omission of necessary parties is a defect rendering a petition subject to general demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 115; Dec. Dig. ⬯75(7); Pleading, Cent. Dig. § 494.]

Appeal from District Court, Gonzales County.

Action by P. N. Minear and others against J. D. McVea and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

W. B. Green, of Gonzales, for appellants. Harwood & Miller, of Gonzales, for appellees.

MOURSUND, J. P. N. Minear, Thomas Pinn, and E. C. Colley sued J. W. Holmes, county judge of Gonzales county, and F. H. Kelso, J. C. Neighbors, John Bouldin, and G. P. McDonald, county commissioners of said county, who, together with said county judge, constitute the commissioners' court of said county, and J. D. McVea, tax collector of said county, alleging in substance: That plaintiffs are resident property tax payers in common school district No. 43 in said county; that said commissioners' court, at a special term in March, 1915, created a school district, known as No. 13, and on March 28, 1915, the county judge, upon a petition presented by 23 citizens of said district, ordered an election to determine whether bonds should be issued to the amount of $5,000 to provide funds for the erection of a brick schoolhouse, and a tax levied sufficient to pay interest and provide a sinking fund, and on the same day said county judge, upon another petition by citizens of said district, also ordered an election to be held for the purpose of determining whether a tax of 20 cents on the $100 valuation should be levied for the purpose of supplementing the state school funds apportioned to the district; that said elections were duly held on April 24,

1915, both resulting in the defeat of the propositions voted on, the vote with regard to the bond issue being 22 for the issuance thereof and 25 against the issuance thereof; that on May 10, 1915, a petition was filed with the clerk of the commissioners' court, signed by 16 citizens, asking the court to abolish district No. 13 and to create a new district, which was to embrace practically the same territory as was contained in No. 13, whereupon the court entered an order abolishing district No. 13 and creating district No. 43. Copies of the two orders were attached to the petition.

Plaintiffs further alleged that on May 10, 1915, the required number of qualified property tax paying voters of said new district No. 43 presented to the county judge their petition to determine whether bonds in the sum of $4,000 should be issued for the purpose of erecting a brick schoolhouse, and presented another petition praying for an election to determine whether a tax of 20 cents on the $100 valuation of taxable property should be levied for the purpose of supplementing the state school fund; that on the same day the county judge ordered elections to be held as prayed for, fixing the time at June 3, 1915, and said elections were duly held, and resulted in a majority for the issuance of the bonds, as well as the maintenance tax; that thereafter, at the June term, 1915, and at the August term, 1915, of the said commissioners' court a tax of 20 cents on the $100 was levied for the year 1915, for the purpose of paying the interest on the $4,000 bond issue and creating a sinking fund, and a similar tax for the purpose of supplementing the state school fund; that said tax was placed upon the assessment rolls delivered to the tax collector, and it being his duty to collect all taxes upon said rolls, he is threatening to collect such school taxes from plaintiffs. The amount of the tax so assessed against each of plaintiffs was stated, and it was alleged that they would suffer irreparable injury to their real property if the collector compelled them to pay such taxes.

Plaintiffs alleged that the elections held in district 43 and the taxes levied pursuant thereto were illegal and void on the following grounds: That in making the change the court failed to give the metes and bounds of each district and to designate the same carefully by giving the whole surveys and parts of surveys in each district, as required by law; that the orders failed to show that district 43 contains nine square miles of territory within its boundaries; that such elections were in contravention of the statute, which provides that not more than one such election shall be held in one scholastic year in the same district for the same purpose; that the order creating district No. 43 undertakes to change districts Nos. 51, 12, and

11, without giving the metes and bounds thereof, and to state the whole surveys and parts of surveys in each district. They further alleged that the act of the commissioners' court in creating district 43 was not for the convenience of the scholastic population, as required by law, but was fraudulently done for the purpose of excluding from its bounds voters who were opposed to the bond issue and tax levies; that 5 persons, whose names are stated, were on April 24, 1915, qualified resident property tax paying voters in district 13, and voted against the bond issue and maintenance tax, and that it became known to the commissioners' court that they had so voted, and the court, in creating district No. 43, changed the boundaries of No. 13, by excluding said parties, in order to prevent their participation in tax elections. Plaintiffs prayed that the order abolishing district No. 13 and creating district No. 43 be declared void; also the orders levying the taxes for bond issue and maintenance, and that an injunction be granted restraining the tax collector from collecting the taxes.

A general demurrer urged by all of the defendants was sustained, and, plaintiffs having failed to amend, the cause was dismissed. After the appeal was perfected, the plaintiffs paid the taxes which they sought to enjoin the collection of, as is shown by a written agreement to that effect filed in this court, with a motion on the part of appellees to dismiss the appeal on the ground that there is nothing further to adjudicate. If the matter of taxes was the entire subject-matter in controversy, such motion would be well taken; but, as plaintiff seeks to annul the order creating district No. 43, it becomes necessary to consider that phase of the case.

[1] An examination of the copies of the orders made exhibits to the petition discloses that the boundaries of district No. 43 are set out, that it contains more than nine square miles of territory, and that the acreage out of each survey is stated. It is true that the territory taken out of it is allotted to other districts, without describing such other districts by metes and bounds; but the same may be said of the order creating district 13, which appellants contend should be made effective by setting aside the order abolishing it. The failure to describe by metes and bounds the other districts furnishes no ground for declaring invalid the order creating district No. 43.

[2] The principal contention of appellants is based upon the allegation to the effect that the act of the commissioners' court in abolishing district No. 13 and creating district No. 43 was not for the convenience of the scholastic population, but was fraudulently done for the purpose of excluding voters opposed to tax levies. Appellants rely upon the case of McLaughlin v. Smith, 140 S. W. 249, and 105 Tex. 330, 148 S. W. 288. In that case it was held that the district court, in the exercise of the supervisory control over the commissioners' court vested in it by the Constitution, had the power to compel, by mandamus, a change in boundaries of school districts which had been so arbitrarily laid out for selfish purposes, instead of the convenience of the scholastic population, as to show a flagrant abuse of the discretion conferred upon the commissioners' court by law. This court has made similar rulings with reference to the subdivision of a county into convenient districts under the law creating such county. Dubose v. Woods, 162 S. W. 3; Williams v. Woods, 162 S. W. 1031.

It is clear that when the commissioners' court flagrantly abuses its discretion, with the result that districts which are not convenient to the scholastic population are created, the aid of the district court can be invoked to compel a redistricting. This, however, is not that kind of a case. If it had been, it should have been brought against the board of county trustees, for prior to the bringing of the suit the duties formerly resting upon the commissioners' court with reference to laying out and changing school districts had been conferred upon such board of trustees. Chapter 36, Acts 34th Leg. The plaintiffs herein did not seek relief by asking for a writ of mandamus to compel a change in district lines. Although elections had been ordered to be held in district No. 43, no appeal was made by them to the courts to prevent the holding of such elections until the matter of creating convenient districts could be adjudicated. The elections were held, and, it is to be inferred from the petition, bonds were issued, and it is not alleged that such bonds had not been sold. Long after all this occurred, when the time for paying taxes drew near, this suit was brought for the purpose of having the order creating district No. 43 declared void. If the district court, in the exercise of its supervisory control, could declare an order creating a school district void, because the district was not laid out for the convenience of the scholastic population thereof, it is clear that such power could only be exercised in a quo warranto proceeding instituted in the name of the state, or by some individual under the authority of the state who has a special interest which is affected by the existence of the school district. Such school districts under the statute are bodies corporate, with power to create bonded indebtedness, and we see no reason why different rules should be recognized with reference thereto than those applicable to other quasi municipal corporations.

In the case of Crabb v. Celeste Ind. School Dist., 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146, our Supreme Court held that the rule above stated applied to an independent school district, to which territory had been annexed, and which annexation was claimed to be invalid on account of certain irregularities. See, also,

Parker v. Harris County Drainage Dist. No. 2, 148 S. W. 351; Davis v. Parks, 157 S. W. 449; Cochran v. Kennon, 161 S. W. 67; Cohen v. City of Houston, 176 S. W. 809; Wilson v. Brown, 145 S. W. 641. In the instant case the constitutionality of the law under which the district was established is not questioned. The only question is whether, in cutting out of district No. 13 about 1,000 acres of land, the court abused its discretion by creating a district or districts not convenient for the scholastic population. The order is not void, and plaintiffs, in the capacity in which they sued, could not maintain a cause of action for the purpose of annulling the school district.

[3, 4] It appears, also, that if plaintiffs could maintain the suit, the trustees of district 43, who are constituted a body corporate by article 2822, R. S. 1911, are necessary parties, for it is proposed to destroy the existence of such body corporate. Renshaw v. Arnett, 158 S. W. 1197. The omission of necessary parties is a defect rendering a petition subject to general demurrer. Towne's Texas Pleading, p. 288; Ship Canal Co. v. Bruly, 45 Tex. 6; Buie v. Cunningham, 29 S. W. 801–804; Melde v. Melde, 132 S. W. 980.

We deem it unnecessary to discuss the question whether the petition, when measured by a general demurrer, alleges sufficient facts to show an abuse of discretion by the commissioners' court, for the conclusions above stated require the affirmance of the judgment.

Judgment affirmed.