OLIVER et al. v. SMITH, County Treasurer, et al. (No. 5744.) *

(Court of Civil Appeals of Texas. San Antonio. June 7, 1916. Rehearing Denied June 30, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ☞36— REDUCING AREA—POWER OF TRUSTEES.

That a maintenance tax has been voted in a common school district does not affect the power of the county school trustees to reduce the district's area.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 59½; Dec. Dig. ☞36.]

2. SCHOOLS AND SCHOOL DISTRICTS ☞36 — CHANGE OF BOUNDARIES—QUO WARRANTO.

Any power of the district court to correct any abuse of discretion of county school trustees, in taking territory from one common school district and adding it to another, can be exercised only in a quo warranto proceeding instituted in the name of the state, or by some individual, under the authority of the state, who has a special interest affected by the change.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 59½; Dec. Dig. ☞36.]

3. INJUNCTION ☞114(1) — PROCEEDING TO DECLARE SCHOOL DISTRICT INVALID—PARTIES.

To proceedings to declare invalid common school districts, as established by county school trustees through change of boundary, the trustees of the districts, by Vernon's Sayles' Ann.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

Civ. St. 1914, art. 2822, constituted bodies corporate, are necessary parties.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 202; Dec. Dig. ⊂⇒114(1).]

4. PARTIES ⊂⇒84(4)—DEFECT—DEMURRER.

Omission of necessary parties is a defect rendering a petition subject to general demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 136–138, 141, 142; Dec. Dig. ⊂⇒ 84(4); Pleading, Cent. Dig. § 494.]

5. SCHOOLS AND SCHOOL DISTRICTS ⊂⇒30 — TERRITORIAL LIMITS.

A common school district, as established by the county school trustees, by adding territory so that the farthest line thereof is more than four miles from its center, contrary to Vernon's Sayles' Ann. Civ. St. 1914, art. 2815, can have no legal existence.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 50; Dec. Dig. ⊂⇒30.]

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Suit by J. G. Oliver and others against O. L. Smith, County Treasurer, and others. From an adverse judgment, plaintiffs appeal. Affirmed.

Hicks, Hicks, Teagarden & Dickson, of San Antonio, for appellants. S. T. Phelps and R. W. Hudson, both of Pearsall, for appellees.

MOURSUND, J. This is an appeal from an order dissolving a temporary injunction which had been granted on the petition of J. E. Bandy, J. G. Oliver, B. F. Cude, Arch Dunlap, and Ed. Beidiger, filed February 22, 1916, complaining of O. L. Smith, county treasurer, E. E. Coleman, county collector, S. T. Dowe, county superintendent of schools, B. C. Vining, G. C. Harrison, O. E. Milam, W. E. Wickware, and H. E. Johnson, the last five named being the county school trustees of Frio county. The plaintiffs alleged that said county school trustees on December 14, 1915, willfully, improperly, and illegally attempted to create out of a portion of school district No. 2, which had theretofore been legally established, another district, and to attach same to a district in Medina county known as common school district No. 16, for the purpose of creating a county line district. They alleged that the county school trustees acted contrary to the best interests of school district No. 2, and without authority of law, because there had been voted a school tax in said district, which the patrons of the school were entitled to have applied to the best interests of said district No. 2, and to the maintenance and operation of the schools in said district as is provided by article 2836, Vernon's Sayles' Statutes. It was also contended that, by virtue of article 2815b of Vernon's Sayles' Statutes, in case of an existing tax upon a common school district, a part of which may be added to a common county line district, the tax is required, when collected, to be diverted to the benefit of such common county line district. The court, pursuant to plaintiffs' prayer, granted an injunction restraining—

"the defendants in said application from, in any manner, diverting or attempting to divert the school funds or any part thereof collected, levied, or charged against the territory in Frio county as set forth in Exhibit A to said pleading, on property therein, or any funds on said territory arising by taxation, from common school district No. 2, of Frio county, Tex., and further enjoining said defendant school trustees from doing any act or thing attempting to carry into effect the division or change of said territory mentioned in Exhibit A to said pleading from common school district No. 2."

On March 6, 1916, J. E. Bandy, one of the plaintiffs, withdrew from the suit as a party plaintiff. On March 7, 1916, the county school trustees of Frio county, Tex., a corporation, made itself a party to the suit, and, together with defendants Vining, Harrison, and Wickware, county trustees, who acted in their individual capacity, filed an answer, duly verified, consisting of a general demurrer, various special exceptions, a general denial, and a special answer, the substantial allegations of which will be stated. Defendants alleged that on April 14, 1913, the county commissioners' court of Frio county entered an order fixing the boundaries of common school districts, and that the boundaries so fixed had never been legally changed in any manner so far as the same affect common school districts Nos. 2 and 10, the territory involved in this suit, and that said two districts, ever since said date, have had a board of trustees duly organized and charged with the management of said school districts under the law; that on August 28, 1915, the county school trustees, without notice to the inhabitants of, or the president of, District No. 10, and without any petition signed by a majority of legally qualified electors of said district, made an order abolishing said district and dividing its territory between districts 2 and 9. This order was copied in the answer, and it appears therefrom that the change was to be made "on certain defined lines," and the county surveyor was ordered to prepare the field notes clearly defining the changes and giving the boundaries of districts 2 and 9 as reconstructed, and that such field notes be duly recorded in the commissioners' court minutes. Defendants then alleged that said order was the only order ever made with reference to the subject-matter therein mentioned, and that such order was never recorded as required by law, and that no order giving the boundaries of districts 2 and 9, as they were to be reconstructed, has ever been made or recorded as required by law; that, if such boundaries had been established, the geographical center of district 2 would have been more than four miles from the farthest line of such district, and that Frio county has a population of less than 10,000 inhabitants. Defendants alleged, further, that

on December 14, 1915, the county school trustees, at a regular meeting, rescinded the action taken on August 28, 1915, and re-established the boundaries of district No. 10 as they existed prior to August 28, 1915. A copy of this order was attached to the answer as an exhibit, and it was alleged that such order had been duly entered in the minutes of said county school trustees; that on May 13, 1908, the commissioners' court of Frio county, by an order duly entered on the minutes, authorized the levy, assessment, and collection of a tax at the rate of 15 cents on each $100 valuation of property in district No. 2, for the purpose of paying interest on a bond for $800, issued by said district, and to provide sinking fund for payment thereof, which levy was made by virtue of an election duly held in said district; that on July 31, 1915, another election was held in said district No. 2, at which it was determined to issue bonds and levy a tax, and by virtue thereof on November 8, 1915, the commissioners' court entered an order levying a tax of 13¾ cents on the $100 valuation of property in said district; that, when these elections were held, no part of the territory embraced in district No. 10 was contained in such district No. 2; that on May 22, 1912, by order entered by said commissioners' court, pursuant to an election held in said district No. 2, the maintenance tax was increased to 35 cents on each $100 valuation of property in said district; that said maintenance tax and bond taxes aforesaid aggregate 53¾ cents on the $100 valuation of property in said district, which is in excess of the amount permitted by law; that on November 20, 1915, at an election held in district No. 2, it was determined that a tax of 50 cents on the $100 valuation of property in the district should be levied for maintenance purposes, and on December 13, 1915, the commissioners' court canvassed the returns and declared the tax to have carried, and decreed that the court was authorized to levy, and have assessed and collected, annually, said tax; that such tax is null and void for the reason that there had been theretofore levied, in said district, taxes exceeding 50 cents on the $100 valuation of property; that, prior to the time said tax was voted, the tax rolls had been delivered to the collector, and said tax could not have been assessed or collected until the year 1916; that no taxes have been collected upon the territory known as district No. 10, and defendants have never sought or attempted to take any part of any taxes levied, assessed, and collected for the benefit of district No. 2, and divert same to district No. 10, or to the county line district composed of district No. 10 and district No. 16 of Medina county. Defendants prayed that the temporary injunction be dissolved, and that plaintiffs take nothing, etc.

On April 5, 1916, the defendants, who had appeared and answered, filed a formal motion to dissolve the temporary injunction wherein they referred to their sworn answer, and stated two reasons relied upon to procure the dissolution of the injunction, as follows:

"(1) Because the plaintiffs named in said petition lack capacity and interest to maintain this suit.

"(2) Because there are no equities shown by plaintiffs' bill, which have not been fully controverted in defendants' answer."

On April 7, 1916, the judge entered an order dissolving the temporary injunction, but granted a stay until the appeal should be disposed of, except that the injunction should in no wise prevent the building of a new schoolhouse in the territory described in plaintiffs' petition as "Exhibit A," being that part of district 10 which had been added to, and afterwards taken from, district No. 2. The order contains a recital to the effect that the court is of the opinion that ground No. 1 stated in the motion was well taken, and therefore the injunction should be dissolved. All of the plaintiffs, except Bandy, who had withdrawn from the suit, joined in perfecting an appeal.

If, upon a consideration of the petition and answer, the injunction should have been dissolved, the judgment must be affirmed, regardless of whether the court placed his decision upon the correct ground.

Plaintiffs seek to set aside and hold for naught the order by the county trustees re-establishing district No. 10, whereby a portion of the territory embraced in district No. 2, at the time the 50 cents maintenance tax was voted on November 20, 1915, was taken out of said district. It is not alleged that any bonds had been issued in district No. 2, while said territory was a part thereof, nor is it alleged that either district No. 2, or district No. 10, as finally established, was not laid out for the convenience of the scholastic population. This is not a suit to compel the county trustees to redistrict in order to create districts convenient for the scholastic population, in other words to compel them to perform the first duty enjoined upon them by article 2817, Vernon's Sayles' Statutes. It is a suit having for its object the annulling of districts 10 and 2 as created by the county trustees, on the ground that a maintenance tax was voted in district No. 2 before it was changed. We are not referred to any statute which prohibits taking territory from a district in which a maintenance tax has been voted. Plaintiffs alleged the tax had been voted, but failed to allege that it had been levied, and the order declaring the result of the election, a copy of which is attached to the answer, shows that the commissioners' court did not undertake to levy the tax but merely decreed that it was authorized to levy the tax. The very next day the territory, formerly a part of district No. 10, was taken from district No. 2. It is not shown that

any taxes so voted had been levied, and there is nothing in the claim that taxes accrued to district No. 2 would be diverted from such district. In fact, the theory appears to be that the commissioners' court will probably levy the maintenance tax upon all property within the boundaries of district No. 2, at the time the tax was voted, regardless of the fact that such district had been reduced in area by an order of the county trustees. We think the matter of diversion of funds may be eliminated from consideration.

[1, 2] The case reduces itself to one in which plaintiffs rely upon the fact that a maintenance tax was voted in a common school district, to defeat the order reducing the area of such district. Did the county school trustees have the power to make the order? We are not referred to any statutory prohibition against such a change in a district, nor do we find any, although we do find that a reduction in area is prohibited when bonds have been issued and are outstanding. The Legislature knew that taxes for maintenance would be voted in more districts than for bond issues, but did not see fit to prohibit the reduction in area of such districts. We therefore conclude that the county school trustees had the power to make the change. We are unable to determine from appellants' argument, filed in lieu of brief, whether the contention is that the county school trustees were without power to make the change, or whether it is that, in making the change under the circumstances pleaded, said county trustees abused the discretion vested in them, and that the district court in the exercise of its revisory power should correct such abuse of discretion by setting it aside. The trial court doubtless understood the latter to be the contention relied upon, and therefore held that plaintiffs did not have capacity to maintain the suit. We have heretofore expressed the opinion that, if the district court has the power in the exercise of its supervisory control to declare an order void, because the district was not laid out for the convenience of the scholastic population thereof, it is clear that such power could only be exercised in a quo warranto proceeding instituted in the name of the state or by some individual under the authority of the state, who has a special interest which is affected by the existence of the school district. Minear v. McVea, 185 S. W. 1048, not yet reported. We think the same rule should be applied in this case, wherein it is also sought to have certain districts declared invalid, because of alleged abuse of discretion on the part of the county trustees. Said districts are bodies corporate under our statute, and we see no reason why a different rule should be applied than was applied by our Supreme Court in the case of Crabb v. Celeste Ind. School Dist., 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601,

wherein it was held that the above-stated rule applied to an independent school district, to which territory had been annexed, which annexation was sought to be set aside and declared invalid. The court did not err in holding that plaintiffs, in the capacity in which they sued, could not maintain a cause of action on the grounds stated, for the purpose of annulling districts Nos. 10 and 2 as established by the county school trustees on December 14, 1915. Parker v. Drainage Dist., 148 S. W. 351; Davis v. Parks, 157 S. W. 449; Cochran v. Kennon, 161 S. W. 67; Cohen v. City of Houston, 176 S. W. 809; Wilson v. Brown, 145 S. W. 641.

[3, 4] It appears that, if plaintiffs could maintain the suit, the trustees of the county line district and district No. 2, who are constituted bodies corporate by article 2822, Vernon's Sayles' Statutes, are necessary parties, for it is proposed to destroy the existence of such bodies corporate. Renshaw v. Arnett, 158 S. W. 1197. The omission of necessary parties is a defect rendering a petition subject to general demurrer. Minear v. McVea, supra, and authorities therein cited.

[5] If the power of the district court extends so far as to permit it, in the exercise of its supervisory power, to declare invalid certain districts, because it is not deemed to the interest of the scholastic population thereof to have a district reduced after it has voted a maintenance tax, it appears to us that, if the plaintiffs had the capacity to bring such suit and the necessary parties were before the court, the sworn answer of defendants stated facts showing conclusively that the injunction should have been dissolved. The defendants alleged that the territory in which the tax election was held on November 20, 1915, was never legally created into a school district; that it could not have had any legal existence as a school district because the farthest line thereof would have been more than four miles from the geographical center in a county having less than 10,000 population, contrary to the provisions of article 2815, Vernon's Sayles' Statutes. They also alleged that a portion of such territory formerly composing district No. 2, and composing district No. 2, as finally established by the county trustees, had, prior to the attempt to add part of district No. 10 thereto, voted upon itself greater taxes than were permitted by law, and that therefore the tax election held on November 20, 1915, was void. These allegations effectively answered all allegations in plaintiffs' petition relied upon to show that the county trustees abused their discretion in entering an order re-establishing district No. 10, fixing the boundaries of district No. 2 as they were before the commissioners' court undertook to add, to district No. 2, a part of district No. 10.

The judgment is affirmed.