## CAMPBELL et al. v. MOORE et al.
### (No. 1811.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 21, 1928.

Rehearing Denied Jan. 9, 1929.

V. E. Middlebrook, of Nacogdoches, for appellants.

Blount & Russell and J. J. Greve, both of Nacogdoches, for appellees.

WALKER, J. This suit was instituted by sixty-seven patrons and citizens of Friendship common school district No. 11, Nacogdoches county, Tex., against Natt common school district No. 12, Nacogdoches county, and Henry Moore, L. A. Sitton, Fred Overall, Henry Partin, and G. W. B. Parlin, who are alleged to be trustees and citizens of said Natt common school district. It was alleged:

(a) That Friendship common school district, Natt common school district, and another common school district were consolidated in 1925, for high school purposes; that they so operated their schools for the years 1925–26 and 1926–27, but because of a misunderstanding arising during the year 1926–27 it was mutually agreed that Friendship common school district should resume control of its schools, beginning with the year 1927–28, and operate the same under its own trustees, and pay its teachers from the public funds.

(b) That this agreement was carried out during the year 1927–28, and for that year Friendship common school district managed its own school affairs and paid its own teachers.

(c) That a part of the agreement was that an election was to be held in 1928 to permit Friendship common school district to withdraw from the consolidation; that this election was held, but in a manner to make it absolutely void.

(d) That thereupon the trustees of said Natt common school district repudiated the agreement and entered an order forcing all the pupils of Friendship common school district, regardless of age and grade, to attend school at Natt; that the trustees of the Natt school removed all the equipment from the Friendship school building, took the teachers from the Friendship school and transferred them to the Natt school, and it was alleged further that these trustees were threatening to tear down tthe Friendship schoolhouse. It was further alleged that all these acts were without legal sanction, and without authority of law.

(e) That, after the withdrawal election failed, the Natt trustees ordered an election to vote bonds to build a $10,000 schoolhouse at Natt for the benefit of the three communities; that this election carried, etc. It is not necessary to state the allegations as to the election, since they are wholly insufficient to constitute any ground of relief.

Plaintiffs prayed for a temporary injunction to restrain the trustees of the Natt school from interfering with the Friendship patrons in their efforts to operate their school under the agreement of 1926–27, and from forcing the children of the primary grades of the Friendship district to attend the Natt school and to restrain the trustees of the Natt school from removing the school equipment from the Friendship school building and from tearing down the Friendship school building, and for a mandatory order requiring these trustees to restore to the Friendship school all properties and equipment previously carried away by them. This petition was presented to Judge Ramsey, one of the district judges of Texas, who was at the time holding the district court of Nacogdoches county, and was by him duly considered in chambers and granted as prayed for. While the order purports to be only a "temporary restraining order," as we understand the order, the court and the parties below treated it as a temporary injunction, and we will so deal with it. The defendants answered by general and special demurrers and general and special denials, and also by a motion to dissolve.

This motion came on to be heard before Judge Hodges, the regular district judge of Nacogdoches county, and, when called, plaintiffs filed in this cause a suggestion of disqualification against Judge Hodges, on the ground that Henry Moore, one of the trustees of the Natt school and president of the board of trustees, was a nephew of Judge Hodges. This suggestion was heard by Judge Hodges and overruled by the following order:

"In the District Court of Nacogdoches County, Texas. In Chambers.

"A. J. Campbell et al. v. Henry Moore et al., Trustees. No. 5900.

"On this 3rd day of November, 1928, this cause coming on to be heard in accordance with previous settings by the court; first came on to be considered, the plaintiffs' suggestion to the court of the court's disqualification, because of relationship within the inhibited degree to the respondent Henry Moore, Chairman of the Board of Trustees, and same being considered by the court; the court is of the opinion that he is not disqualified on account of such relationship, and therefore should not recuse himself from acting as judge of the district court in the disposition of said matter. It is therefore considered, ordered, adjudged and decreed by the court that petitioners' notice to the court that the court is disqualified be and the same is, in all things overruled, and disallowed."

■ Thereupon the court heard and sustained the defendants' general demurrer to the petition for injunctive relief, and entered judgment in favor of defendants that they go hence without day. All costs were taxed against plaintiffs. From that judgment plaintiffs have perfected this appeal, which is before us without a statement of facts. From the record, it appears to us that the case was disposed of in the lower court on the pleadings, except as to the suggestion of disqualification. As we construe the court's order on this issue, he found as a fact that the relationship existed, as pleaded, but concluded as a matter of law that it was not a ground of disqualification on the peculiar facts of this case. It seems to us that no other construction should be given to his conclusion, "The court is of the opinion that he is not disqualified on account of such relationship." If the suggestion was not denied on a conclusion of fact, the order overruling it had the effect of sustaining against the suggestion a general demurrer. The same legal question is thus before us on either conclusion. We believe the court erred in overruling the suggestion. The relationship was within the prohibited degree. Article 15, R. C. S.; Tyler Tap Railway Co. v. Overton, 1 White & W. Civ. Cas. Ct. App. § 533. On an action for debt or to secure relief against a corporation, relationship of the trial judge to the officers of the corporation and its stock-holders is not a ground of disqualification. Wise County Coal Co. v. Carter, 3 Wilson Civ. Cas. Ct. App. § 306; Lewis v. Hillsboro, etc., Co. (Tex. Civ. App.) 23 S. W. 338; Kingman-Texas Implement Co. v. Bank (Tex. Civ. App.) 153 S. W. 394. That is because the action is not against the officers and stockholders in their personal relation. The judgment does not run against them personally, but only against the corporation. But in this cause against Natt common school district and its trustees, naming them as such, the action lies against the trustees, and the judgment prayed for would run against them, and in so far as it granted or denied the injunctive relief would run against them personally. By article 2748, R. C. S., the board of trustees constitute "a body politic and corporate," and as such they may sue and be sued. As a body corporate they are necessary parties to a suit of this character affecting the district. Minear et al. v. McVea (Tex. Civ. App.) 185 S. W. 1048. We believe that Judge Hodges was disqualified to make any order herein, and that his act overruling the suggestion of disqualification constitutes reversible error.

■ But, in view of other assignments on the reversal, we should say that appellants' petition is subject to the general demurrer in all its allegations. Appellants wholly failed to plead facts constituting a cause of action against the bond issue. In Huntington Independent School District v. Scroggins (Tex. Civ. App.) 9 S.W.(2d) 171, we cited the articles of the statute governing and controlling the administration of educational affairs of Texas, and quoted as follows from Johnson v. City of Dallas (Tex. Civ. App.) 291 S. W. 972, construing these articles: "Construing these statutes, our appellate courts have uniformly held that the Legislature intended to and did place the educational affairs of the state under the jurisdiction of the department of education, and provided specifically for appeals from the rulings and decisions of subordinate school officers to the superintendent of public instruction, and from the ruling of this official to the state board of education. As primary jurisdiction to revise the action of subordinate school officials is lodged with the department of education, it will be conclusively presumed that the department, acting within the scope of its jurisdiction, will correctly and faithfully discharge its duties, and those aggrieved by the action of subordinate officials, on any matter committed to them by the statute, must exhaust these remedies before appealing to the courts for redress. Adkins v. Heard (Tex. Civ. App.) 163 S. W. 127, and authorities there cited; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; South San Antonio Ind. School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265; McCollum v. Adams (Tex. Civ. App.) 110 S. W. 526; County Trus-

tees v. Bell Point Com. School Dist. (Tex. Civ. App.) 229 S. W. 697."

Johnson v. City of Dallas unquestionably is the law of this state. Appellants' petition shows on its face that they have not complied with these articles of the statute, and have made no effort to comply with them. Since it is the law that appellants "must exhaust these remedies before applying to the courts for relief," and, since it appears upon the face of the petition that they have not done so, they have failed to plead a cause of action within the jurisdiction of the district court.

Reversed and remanded, with instructions.