State of Texas ex rel. N. D. Anderson et al.
v. William Norwood et al.

Decided May 24, 1900.

**1. School Districts—Incorporation of Town for School Purposes—Change of Boundaries.**

A town incorporation for school purposes only may include portions of adjoining school districts as established by the commissioners court, and without the consent of a majority of the legal voters of such districts, since the statutory provision requiring such consent to a change of boundaries applies only to changes made by the commissioners court. Revised Statutes, articles 3938, 3994, construed.

**2. Same—Change Immaterial in Extent.**

If the statutory prohibition as to change without the consent of districts infringed upon applies to changes made by the incorporation of a town, it is not applicable in this instance, where it was not material in extent and included none of the scholars of the district infringed upon except three who had always attended the town schools.

Appeal from Fort Bend. Tried below before Hon. Wells Thompson.

*L. M. Williamson,* County Attorney, and *Peareson & Wharton,* for appellants.

*M. J. Hickey,* for appellees.

Pleasants, Associate Justice.—This is a quo warranto proceeding instituted by appellant to test the validity of the incorporation for school purposes only of the town of Rosenberg and adjoining territory, in Fort Bend County. The petition alleges that the town of Rosenberg and adjoining territory, not exceeding twenty-five square miles, was incorporated for school purposes only under articles 3994 to 4003, chapter 15, of the Revised Statutes, and shows that in creating said corporation all of the requirements of said articles of the statute were strictly complied with. The invalidity of said incorporation is contended for solely on the ground that its boundaries include portions of school districts Nos. 1 and 23 of Fort Bend County, and that the encroachments upon the territory of said districts were without the consent of a majority of the legal voters of either of said districts. The trial court filed conclusions of fact from which we deduce the following:

In June, 1893, the town of Richmond and adjoining territory, not exceeding four square miles, was established as an independent taxing district under the provisions of the Act of 1889 authorizing subdivisions of counties under the community school system to adopt the district system. The Commissioners Court of Fort Bend County, on September 25, 1893, said county being at that time under the district school system, subdivided the county into school districts, under the provisions of article 3938, Revised Statutes. In laying out these districts the court

recognized the Richmond taxing district, as established the June previous under the Act of 1889, and designated it as district No. 1 of said county, and, without changing the boundaries of said district, subdivided the balance of the county into school districts numbered consecutively from 2 to 21. On the 15th of April, 1895, the Commissioners Court of said county created school districts Nos. 22 and 23, which were taken out of the territory of district No. 2.

When the Richmond school district was established a tax of 20 cents on each $100 valuation of property in said district, for school purposes, was voted, and has since been regularly levied and collected. Such tax is also levied and collected in district No. 23. The election to determine whether or not the town of Rosenberg and adjoining territory would incorporate for school purposes was held on January 5, 1899, and the result of said election declared, and the creation of said corporation recognized by the county judge by an order entered upon the minutes of the Commissioners Court on January 24, 1899. It is not shown to what extent in area the Rosenberg corporation encroaches upon said districts Nos. 1 and 23, but the creation of said corporation with its present boundaries decreases the annual school revenues of district No. 1, $48.82, and of district 23, $22.65. None of the scholastic population of district No. 23 reside in the portion of said district included within the Rosenberg corporation; and only six school children are taken from the Richmond district by the creation of said corporation, and these children live within one-half mile of the Rosenberg schoolhouse and two and one-half miles from the Richmond schoolhouse, and have always attended the Rosenberg school. The consent of a majority of the legal voters of neither district No. 1 nor 23 was obtained to the infringement upon their territory by the Rosenberg corporation.

Upon these facts the trial court held that the consent of a majority, or of any of the legal voters of districts Nos. 1 and 23 was not necessary to the valid creation of the Rosenberg school incorporation with boundaries as alleged, and rendered judgment in favor of appellees.

We do not understand appellant to contend that the right of the Rosenberg corporation to encroach upon the territory of the Richmond district without the consent of a majority of the legal voters thereof is any less than its right to encroach upon that of district No. 23. If such point is made, we think it is without merit. The two districts are but subdivisions of a county, established under the district school law, and the fact that the Richmond district was originally established by a vote of the inhabitants thereof prior to the time that the county was subdivided into school districts by the Commissioners Court under the general law, does not give said Richmond district any higher dignity nor render its territory more inviolate than district No. 23. Article 3994, giving the right to towns and villages to incorporate for school purposes only, and authorizing such corporation to include within its boundaries adjoining territory not exceeding 25 square miles contains no inhibition against including within the territory of such corporation

portions of school districts established under the general district school law prior to the time of such incorporation.

The only inhibition found in the statute as to a change in the boundaries of school districts is contained in article 3938, which provides for the subdivision of counties into school districts by the commissioners court, and we think the restriction applies only to changes by such court. It can not be contended that the restriction in this article as to changes in the boundaries of school districts would be binding upon the Legislature, and when the legislative power to incorporate for school purposes was delegated in an unqualified manner by the Legislature to the inhabitants of towns and villages and adjoining territory not exceeding 25 square miles, the exercise of that power becomes as unrestricted in such inhabitants, when exercised in the manner prescribed by the Legislature, as if exercised by the Legislature itself. Any other construction of article 3994 would render the rights thereby conferred practicably unavailable to towns situated in counties which have been subdivided under the district school law.

The question in this case has been recently decided by this court in the case of Pinson v. Vesey, 23 Texas Civil Appeals, 91, in which Chief Justice Garrett in a well considered opinion, after citing and discussing the authorities, reaches the conclusion that the consent of a majority of the voters of a school district is not necessary to enable a town incorporating under article 3994 for school purposes only, to include within the boundaries of such corporation a part of the territory of such school district. We are further of opinion that if article 3938, prohibiting any change in the boundaries of school districts, has any application to cases of this character, the evidence does not show that the boundaries of either school districts Nos. 1 or 23 have been materially changed by the creation of the Rosenberg corporation, and the encroachments upon said districts are shown to be reasonable and for the best interest of all the scholastic population within the boundaries of the Rosenberg corporation, and the judgment of the court below can be sustained on this ground.

We find no error in the judgment of the trial court and it is affirmed.

*Affirmed.*

Writ of error refused.