# SECOND DISTRICT, 1901.

### J. H. DEAVER V. STATE OF TEXAS EX REL. W. F. TRIPP.

Decided December 7, 1901.

**1.—Public School Election—Validity—Irregularities—Quo Warranto.**

Where at an election for district school trustees held at the proper time and place for holding such election, the officers appointed to hold it failed to appear and act, and a person appointed by the county judge, without authority, to hold the election selected two others to assist him as clerks, and the election was held by them honestly and fairly, all legal votes presented being received, no one protesting against the election, and due return thereof being made, there was a ratification by the voters of the acts of such officers, and it was error to adjudge the election void in a quo warranto proceeding brought by the state at the relation of one having no interest in the controversy.

**2.—Same—Returns—Election Officers Not Sworn.**

The returns of such election were properly made to the county judge, where he was ex officio superintendent of education; and the fact that the officers holding the election were not sworn did not render the election void.

Appeal from Taylor. Tried below before Hon. N. R. Lindsey.

*Cunningham & Wilson,* for appellant.

*J. M. Wagstaff* and *T. A. Bledsoe,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is a proceeding in the nature of quo warranto, instituted July 22, 1901, by the county attorney, by leave of the district judge, in the name of the State of Texas, by W. F. Tripp, as relator, to remove J. H. Deaver from the office of trustee of public school district No. 9, Taylor County, for the reason that the persons who held the election, I. S. Thurmond, D. A. Shaw, and J. F. Robinson, were not appointed by the commissioners court, nor selected by the voters present at the election; that they were not sworn; nor was their return of the election made to the commissioners court, but was made to the county judge of Taylor County.

Respondent, Deaver, answered by a general denial, not guilty, and specially that, while the voters at said election did not formally elect officers to hold the election, yet they voted and acquiesced in and recognized said persons as officers of said election; that said election was fairly held and without fraud; that respondent received a majority of the votes cast; that he was qualified to hold the office, and had taken the oath required by law, and was performing the duties thereof; that the irregularities in the election as complained of did not render the election void.

The case was submitted to the court without a jury upon an agreed statement of facts, which is contained in the record, and is substantially as follows: At the February term of the Commissioners Court of Taylor County, 1901, T. B. Cross, J. H. Deaver, and J. A. Buchee were appointed by said court to hold all elections required by law in said school district for the year 1901. This election was required to be held on the first Saturday in April, 1901, for two school trustees; that on said day the said Cross, Deaver, and Buchee failed to hold said election, but on the morning of that day, at Buffalo Gap,—the proper place for holding said election,—some of the electors of said district had assembled, and among them T. B. Cross, who declined to hold the election, and suggested that the voters present be called together and select officers from among themselves to hold the election, when I. S. Thurmond stated that he had been appointed by the county judge to hold the election, and he intended to do so. Thereupon he selected D. A. Shaw and J. F. Robinson to assist him as clerks, and they then held the election. Neither Thurmon, Shaw, nor Robinson, were sworn as election officers, but thirty-six electors voted, and it does not appear that anyone protested against these persons holding the election, nor that anybody was prevented from voting, nor that any illegal votes were cast, nor that anyone staid away or refused to vote because these persons were holding the election; but that, presumptively, all voted who were present and desired to vote, and thus acquiesced in the selection of these three persons to hold the election, only Mr. Cross suggested that it would not be a legal election unless the voters selected the officers to hold the election. The county judge did appoint Thurmond a few days before the election to hold it, and gave him a writing to that effect; but, while Thurmond believed this appointment conferred authority on him to hold the election, it was void, as there was no law authorizing the county judge to make such appointment.

The election was fairly and honestly held, and resulted in the election of J. H. Deaver, the respondent, as one of the trustees. There were about 150 voters in the district, but none were denied the right to vote who offered to do so. The county had no superintendent of schools, and the return of the election was made to the county judge, who declared respondent duly elected trustee of the district, and entered his name on his books as such, and the respondent took the oath of office required by law, and duly entered upon the duties of his office in April, 1901.

The result of the election was certified to by Thurmond as "manager of election," and by Robinson and Shaw as "clerks," and the ballot box, poll list, and tally sheet were returned to the county judge. Their certificate, on its face, did not show by what authority they held the election. It was made at the foot of the tally sheet, and was in the following form: "We certify this is a correct return of election held at Buffalo Gap for two school trustees for district No. 9. I. S. Thurmond, manager of election; J. F. Robinson, clerk; D. A. Shaw, clerk."

The court held the election void and rendered judgment ousting the respondent from said office, and from that judgment this appeal was taken.

We think the court erred in holding this election void. To sustain the judgment of the District Court, counsel for the State rely upon the following proposition: "The pretended election held by Thurmond, Shaw, and Robinson was absolutely void, because neither one of the parties attempting to hold the election had any authority or color of authority to do so, and were neither de facto nor de jure officers." State v. Van Amringe, 12 Law. Rep. Ann., 202; Land Co. v. Laigle, 59 Texas, 344; Biencourt v. Parker, 27 Texas, 562, 563.

The insistence is that because Thurmond asserted that he acted under a written appointment from the county judge, which the law did not authorize, he was neither a de facto nor de jure officer, but was an usurper, and so were the clerks. The agreed facts show, and this court finds, that the election was fairly and honestly held,—there being not even a charge or suspicion of fraud against it. No candidate is complaining against it,—only the State upon the relation of a disinterested citizen of the free school district. In other words, no private interests or rights have been affected by it one way or the other. It does not appear whether the relator was present, or whether he participated in the election, or not. It does appear that he was not a candidate for trustee. The State—the general public—is not interested in such controversies as this, where even-handed justice is done, and no fraud or injury of any character is shown or charged. The statute simply provides that if the officers, or either of them, appointed by the commissioners court to hold the election, fail or refuse to do so, then the electors present, when the time comes for opening the polls, "may select of their number a person or persons to act in the place of those absent or refusing to act." 2 Sayles' Ann. Civ. Stats., art. 3953a. The manner of selecting is left entirely with the electors. If, then, these three men opened the polls and held the election, and the electors who were there and desired to vote participated in the election, they, by that act of voting, selected those who were holding the election for them as the officers of the election, and they ratified their acts in holding it; and it would, in that case, make no difference who appointed Thurmond, because the power which can legally appoint can ratify and make good an illegal appointment. In this case, we think, the ratification was complete. It is not necessary to state whether they were de facto or de jure officers. The ratification of their acts made the election good and valid, and it related back to the beginning of the election and constituted valid authority for holding it.

The fact that they were not sworn did not render the election void. Art. 3953a, above cited; McCrary on Elec., sec. 216; Hunnicutt v. State, 75 Texas, 233; Sanders v. Lacks, 43 S. W. Rep., 653; McKinney v. O'Connor, 26 Texas, 5.

The returns were properly made to the county judge, as he was ex officio county superintendent. Art. 3953a, supra.

It was in the discretion of the district judge to refuse to allow the information in this case to be filed, and, when filed, upon hearing to refuse to remove the respondent, as the relator showed no interest in the controversy. The court, upon such a state of facts, should have refused to remove the respondent, and dismissed the information. Where the election for school trustees has been held on the proper day and at the proper place, and by ballot, and was fairly and honestly held, so that the people had the opportunity to express their wishes by their ballots as to who they wanted for trustees, and no one has been deprived of his right to vote and have his vote counted, and no illegal votes have been allowed, nor other fraud or illegality been practiced, the election should be sustained by the courts in the interest of public peace and harmony, regardless of such irregularities as are shown here. State v. Hoff, 88 Texas, 297, 31 S. W. Rep., 290.

The judgment of the District Court is therefore reversed, and the information herein dismissed, at the costs of the relator, both in this court and in the District Court.

*Reversed and dismissed.*

Writ of error refused.