M. G. BUCHANAN ET AL. V. H. GRAHAM ET AL.

Decided June 25, 1904.

**1.—Election—School Trustees.**

A county judge failed to order the holding of an election for school trustees, but the electors of the school district, on the day fixed by law for holding the election, assembled at the accustomed place and at an election fairly conducted, all parties interested having actual notice, selected trustees by ballot. The persons agreed on there to hold the election were not sworn, nor were they provided with proper blanks for holding the election, but none of the irregularities were such as to affect the character of the result as a fair expression of the will of the majority of the legal voters of the district. Held, that the election was legal and the trustees so selected were entitled to hold their offices as against other trustees appointed by the county judge on the ground of a supposed vacancy because there had been no legal election.

**2.—Same—Oath of Office.**

School trustees are officers within the meaning of the article of the Constitution prescribing the form of oath to be taken by all officers of the State.

**3.—Same—Qualification.**

The trustees so elected having within the time prescribed by law presented to the county judge their oath of office, subscribed before the county clerk, were entitled to be recognized as the school trustees for the district. The oath of office as taken by them not being in the form prescribed by the Constitution, they should subscribe to the proper oath of office as other officers are required to do.

Appeal from the District Court of Ector. Tried below before Hon. James L. Shepherd.

*W. W. Martin,* for appellants.

*A. S. Hawkins,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellants M. G. Buchanan and E. M. Graham were appointed school trustees of school district No. 1, in Ector County, under the following circumstances: L. M. Wilson, the county judge, for some reason failed to order an election for school trustees at the proper time. After having discovered this omission he sought advice from the State Superintendent of Public Instruction as to his duty in the premises, and was advised that it would be his duty to appoint the school trustees, since an election, in the absence of an order therefor, would not be legal. Acting upon this advice he caused it to be made known that there would be no election at the regular time provided by law, by showing this letter to a number of persons and otherwise making public the information. Upon the first Saturday in April, however, a number of persons who thought the election could and should be held, assembled at the accustomed place of holding elections and proceeded to elect trustees. No one, of course, had been appointed to hold the election, nor did the voters there assembled formally make selection of the parties who held the election, but no objection of any kind was made by anyone, but all tacitly consented to the action of those who undertook to hold the election. These election officers were not sworn, nor were they in any manner provided with proper blanks for holding the election. There were other irregularities which, in the view we take of the case,

are not necessary to be mentioned. At this election the appellees H. Graham and R. H. Thain were the only candidates for school trustees and they received every vote cast. The election was fairly held and no voter was denied the privilege of voting who offered to do so. It was well known throughout the district that the election was being held. Indeed, it seems that at the trial no one could be found who did not know of it. All parties who participated in any way in the election did so in good faith, and there is no evidence whatever to indicate that the result was not the expression of the will of the majority of the legal voters who would have voted at such election even if the statutory call and notice had been made and the appellants themselves had been candidates. Indeed, it is agreed between the parties that appellees, and each of them, received forty-two legal votes at the election as held; and further that the appellants, if they had been candidates at such election, would have received forty legal votes. But that appellants were not condidates, because of the information above referred to, to the effect that said election would be illegal. On the 27th day of April after said election, appellees subscribed to the following oath of office: "The State of Texas, County of Ector. Department of Education. I, ——, having been elected trustee of school district No. 1, in Ector County, Texas, do solemnly swear that I can read and write the English language; that I am a qualified voter in said county; that I have been a resident of said district for the six months last past, and that I will faithfully and impartially discharge my duties as school trustee according to law, and the rules and regulations of the county superintendent of public instruction and the State Superintendent of Public Instruction, during the time for which I have been elected, beginning May 1, 1903, and ending April 30, 1905." This oath in writing was administered by the clerk of the County Court of Ector County. At the time provided by law for the newly elected trustees to enter upon the discharge of their duties appellees presented to County Judge Wilson (he being ex officio county superintendent of the county) their said oaths of office, but were informed by him, as they had been previously notified, that he considered their election illegal, and that he had that day appointed appellants to the positions of school trustees for said district. Appellants accepted the appointments, took the oath of office before the county judge, and at once entered upon the performance and discharge of the duties of the offices to which they had been appointed. The appellees thereupon instituted this suit against appellants to recover the offices, making the county judge a party thereto, and seeking as against him a writ of mandamus to require him to recognize them as the lawfully elected and qualified trustees for said district. The trial resulted in favor of the plaintiffs in the action as against the appointees, M. G. Buchanan and E. M. Graham, ousting them from the offices and restoring the same to the plaintiffs; but against the plaintiffs as to the writ of mandamus prayed for M. G. Buchanan and E. M. Graham, the deposed trustees, alone appeal.

We have had no difficulty in arriving at the conclusion that the election of appellees was not void. It is universally held, we believe, that the prime object to be attained in an election is to ascertain the expressed will of the electors participating in such election; and that where such election is fairly and honestly held, and the will of the electors is readily ascertained therefrom, mere irregularities will not render the election void. See Deaver v. State, 66 S. W. Rep., 256, and authorities there cited. We are of the opinion that the appellees were fairly elected to the offices sued for and were entitled to discharge the duties of the same, provided their failure to subscribe to the constitutional oath of office within the time indicated by statute for them to assume the discharge of their duties as trustees does not preclude their recovery herein. Upon this point we have had some difficulty, but have finally concluded that such is not the case.

The Constitution of this State, article 16, section 1, provides: "Members of the Legislature and all officers, before they enter upon the duties of their offices, shall take the following oath or affirmation: 'I, ——, do solemnly swear (or affirm) that I will faithfully and impartially discharge and perform all the duties incumbent upon me as —— according to the best of my skill and ability, agreeably to the Constitution and laws of the United States and of this State; and I do further solemnly swear (or affirm) that since the adoption of the Constitution of this State, I, being a citizen of this State, have not fought a duel with deadly weapons, within this State nor out of it, nor have I sent or accepted a challenge to fight a duel with deadly weapons, nor have I acted as second in carrying a challenge, or aided, advised or assisted any person thus offending. And I furthermore solemnly swear (or affirm) that I have not directly or indirectly paid, offered or promised to pay, contributed nor promised to contribute, any money or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected (or if the office is one of appointment, to secure my appointment). So help me God.'"

Naturally the question suggests itself, is a public school trustee such an officer as is contemplated by the section quoted? We think the effect of the decision of the Supreme Court in Kimbrough v. Barnett, 55 S. W. Rep., 120, is such that this question must be answered in the affirmative. It is there held that a statute fixing the term of office of a school trustee at four years is void as being in violation of the provisions of article 16, paragraph 30, of the Constitution, to the effect that the duration of all offices not fixed by the Constitution shall never exceed two years. This clearly is a recognition that school trustees are officers within the meaning of the Constitution. Such being the case, we are not prepared to hold that any exception can be made in their favor exempting them from the necessity of taking the oath of office prescribed by that instrument. There is fully as much reason for requiring these officers to subscribe to such an oath as there is for requiring it of any other State or county officer. To the same effect as the case above cited is that of

Hendericks v. State, 20 Texas Civ. App., 178, 49 S. W. Rep., 705, holding a school trustee to be a county officer within the meaning of the Constitution and statutes.

Although we entertain these views as to the necessity of appellees subscribing to the constitutional oath before entering upon the discharge of their duties as trustees, and although it is undisputed that they have not done so, nevertheless it does not follow that the cause must be rendered in appellants' favor, or even remanded. The statutes declare that the newly elected trustees shall enter upon the discharge of their duties on the 1st of May next following the election. Rev. Stats., art. 3953. This impliedly, if not expressly, fixes the time within which they are required to qualify by taking the necessary oath of office, but we believe such statutes are generally regarded as directory only, and that a failure to qualify within the time prescribed, in the absence of a statute so declaring, does not of itself work a forfeiture of or create a vacancy in the office. Throop on Pub. Off., secs. 172, 173, 174. It may be, if a newly elected trustee should fail to qualify within the prescribed time, that under some circumstances the county superintendent would be justified in treating such conduct as an intentional abandonment of the office, and be authorized to treat the same as vacant and to proceed to appoint an incumbent. But under the facts of the present case it can not be said that Judge Wilson was at all authorized to assume that appellees had any such intention, and for that reason to make the appointments of appellants. They were candidates before the election, received every vote cast, had no opposition, attempted to take the oath of office, presented the same to the judge upon the very day upon which they were required to enter upon the discharge of their duties, and in every manner asserted their rights to the offices, and have at all times to this day endeavored to gain possession of them. Indeed, the county judge, as has been seen, did not proceed upon the theory that appellees had abandoned the office, but that their election was illegal. We do not believe that appellees' failure to qualify can affect the question of their right to recover the offices from the appellants. As stated by the present chief justice of the Supreme Court in Little v. State, 75 Texas, page 619, "Relators' offer to qualify under these circumstances would have been a very useless ceremony." They had evidenced every desire to be inducted into office before the time had expired within which they were required to assume the duties thereof. Their rights had been ignored and appellants had been appointed and commissioned by the county judge as the regularly recognized trustees for the district. Under these circumstances we think appellees have done all they were required to do. As already indicated, we think that before entering upon the discharge of their duties, however, they should subscribe to the oath of office as other officers are required to do.

All assignments are overruled and judgment is affirmed.

*Affirmed.*