COFFMAN et al. v. GOREE INDEPENDENT
SCHOOL DIST. et al.

(Court of Civil Appeals of Texas. Ft. Worth.
Oct. 14, 1911. Rehearing Denied
Nov. 11, 1911.)

SCHOOLS AND SCHOOL DISTRICTS (§ 24*)—
CREATION OF DISTRICT — COLLATERAL AT-
TACK.

Where the creation of a school district is
authorized by statute, and it has been organized
under color of such authority, its corporate ex-
istence and the rights of the trustees to exer-
cise their functions cannot be inquired into in
a collateral proceeding to restrain a threatened
levy of taxes upon plaintiffs' property alleging
irregularities in the organization as a ground of
action, but can only be determined in a suit
brought for that purpose in the name of the
city, or by some individual under the authority
of the state, who has a special interest affected
by the existence of the corporation.

[Ed. Note.—For other cases, see Schools and
School Districts, Cent. Dig. §§ 47–49; Dec.
Dig. § 24.*]

Appeal from District Court, Knox County;
Jo. A. P. Dickson, Judge.

Action by E. M. Coffman and others
against the Goree Independent School Dis-
trict and others. Judgment for defendants,
and plaintiffs appeal. Affirmed.

B. D. Glasgow, Coombes & Coombes, and
Jas. A. Stephens, for appellants. D. J.
Brookreson, for appellees.

CONNER, C. J. This appeal is from a
judgment upon demurrer dismissing the peti-
tion of E. M. Coffman and others against the
Goree independent school district seeking to
restrain a threatened levy and collection of
taxes upon the property of the petitioners.

No briefs have been filed, but the case was
submitted upon an oral suggestion of funda-
mental error. It would perhaps be sufficient
to say that an examination of the record has
disclosed no such error and to dismiss the
appeal for want of prosecution, but we have
concluded to briefly notice the case and to
affirm the judgment rather than to dismiss
the appeal.

The petition avers the incorporation of the
Goree independent school district and the
election of the individual trustees named in
the petition as school trustees, but alleges as
grounds for the injunction sought that the
school district had not been incorporated ac-
cording to law, and that the trustees had
not been properly elected, the argument of
the petition being that the incorporation is
invalid because, as shown by its field notes,
it is not in a square, and because two of the
trustees complained of had prior to the elec-
tion for incorporation been nominated as
trustees by the Goree Commercial Club, and
thereafter had been permitted to serve as
officers of the election, and, further, that the
official ballot provided for the election did
not have printed thereon at the top in large
letters the words "Official Ballot"; that no

legal returns of the election had been made;
that proper certificate of the result had not
been returned within the proper time, etc.
The election of the trustees is declared to
be illegal for the reason that the order there-
for, the election returns thereof, and de-
clared result all occurred prior to the filing
of the ballots, poll lists, and tally sheets of
the election for incorporation.

We are of the opinion that the demur-
rers were properly sustained. The objections
to the incorporation of the independent
school district and to the right of appellee
trustees to exercise their functions as such
therein are not available in this action.
True, as pointed out upon submission, our
Supreme Court in the case of Parks v. West,
102 Tex. 11, 111 S. W. 726, sustained an at-
tack of like character upon the Mertens in-
dependent school district, but in that case it
was held that because of a limitation in the
Constitution there was no legislative author-
ity for the construction and incorporation of
an independent school district such as that
there under consideration. The incorpora-
tion, therefore, was absolutely void, and as
such subject to attack in any action in which
the right of a citizen was involved, but not
so in the case we have under consideration.
It is not contended, nor does the record give
room for a contention, that there was not
full legislative authority for the formation
and incorporation of the Goree independent
school district and for the election of school
trustees. The complaints made are, at most,
but mere irregularities in the manner of
creating the incorporated district and in the
election of trustees by virtue of laws un-
doubtedly giving full authority for such in-
corporation and elections. Such irregulari-
ties, therefore, do not of themselves render
the several elections and incorporation com-
plained of entirely void. In such cases said
Chief Justice Gaines for the Supreme Court
in the case of El Paso v. Ruckman, 92 Tex.
89, 46 S. W. 26: "The rule is well estab-
lished that when the creation of a public
corporation, municipal or quasi municipal, is
authorized by statute and a corporation has
been organized under the color of such au-
thority, its corporate existence cannot be in-
quired into by the courts in a collateral pro-
ceeding. The validity of the incorporation
can only be determined in a suit brought for
that purpose in the name of the state or by
some individual under the authority of the
state, who has a special interest which is af-
fected by the existence of the corporation."
This doctrine, it is said in 10 Cyc. p. 256, is
"supported by the almost unanimous con-
sensus of judicial opinion," and cases in sup-
port of the text from many states of the
Union are cited in a note to the text. See,
also, Brennan v. Bradshaw, 53 Tex. 331, 37
Am. Rep. 758. The principle stated in the

authorities cited applies with equal force to the right of the officers of the incorporated body to discharge the usual functions of their office.

Our laws on the subject of contested elections and of quo warranto provide remedies whereby the validity of municipal or quasi municipal corporations, and the right of persons exercising authority by virtue thereof may be judicially determined once for all. These remedies are exclusive. To hold otherwise is but to invite confusion and uncertainty that might arise from diverse judgments in separate suits of private character by persons acting alone in their individual interest.

We conclude that the judgment should be affirmed.