FERGUSON et al. v. LEIGH, County Judge. (No. 7320.)

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1917. Rehearing Denied March 15, 1917.)

1. MANDAMUS ⬡74(2)—MANDAMUS AGAINST COUNTY JUDGE—JURISDICTION OF DISTRICT COURT.

Where the county judge did not act as a court, but merely as county judge, in considering petition filed for election to determine whether a town should be incorporated for free school purposes only, and filed findings of fact, so that there was no question of fact involved at all in his decision, he refusing the petition on legal grounds, the parties aggrieved had the right to resort to mandamus against him, and the district court had jurisdiction of their petition therefor.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 151.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬡25—IN-CORPORATION OF INDEPENDENT SCHOOL DISTRICT—STATUTES.

In view of Rev. St. 1911, art. 2842, providing that the limits and boundaries of a common school district shall never be decreased until after its bonds and the interest shall have been fully paid, articles 2850, 2851, relative to the incorporation of any town or village for school purposes only, do not authorize the incorporation of independent school districts, except where the territory embraced within the bounds of the proposed district contains a town or village of 200 inhabitants or over, and do not authorize the incorporation of an independent district including territory already embraced in a bonded common school district, the bonds of which are unpaid.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 43.]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Petition for mandamus by J. F. Ferguson and others against W. A. Leigh, County Judge of Walker County. From a judgment for respondent, petitioners appeal. Affirmed.

Dean, Humphrey & Powell, of Huntsville, for appellants. Hill & Elkins, of Huntsville, for appellee.

GRAVES, J. This was a mandamus suit instituted in the district court of Walker county by the appellants, as petitioners, against W. A. Leigh, county judge of Walker county, appellee, as respondent, in which the petitioners sought the writ of mandamus to compel the said W. A. Leigh, as county judge of Walker county, to order an election within certain territory described in the petition, to be known as Phelps independent school district, to determine whether said territory should be incorporated for free school purposes only, and also at the same time to order an election for trustees for such independent school district.

On the 30th day of November, 1915, the petitioners presented their petition for such election to said W. A. Leigh, as county judge, and to said petition Ross Powell and George W. Hall, trustees of common school district No. 9 of Walker county, filed a contest, and said county judge, after consideration of the petition, declined to order the election, and thereupon, in due time, the petitioners instituted this action in the district court of Walker county in the form of an original petition for the writ of mandamus to compel the ordering of said election. Said district court, after hearing the case, refused the relief prayed for. The petitioners filed motion for new trial, which was by the court overruled, and exception was taken, and notice of appeal given to this court.

Upon request, the trial court made up and filed findings of fact and conclusions of law; no question is made in this court as to the correctness of these findings, nor of their being fully supported by the evidence; in fact, the case was submitted to the trial court largely upon an agreed statement of the evidence; epitomizing for that purpose the findings of the trial judge, we find that said petitioners fully complied with the terms of the law requiring the county judge to act in the manner requested of him, except in the following particulars, stated in the trial court's findings in these words:

"I find that there is not within the territory described in said petition a town or village having 200 inhabitants or more, but there are within the entire territory described in said petition 370 inhabitants. Said district has within its boundaries the town of Phelps, which has from 90 to 100 inhabitants, and the said petition is signed by more than 20 qualified voters resident within said district."

"The territory described in said petition includes about 16 square miles of the territory now embraced in common school district No. 9, and said common school district No. 9 has levied a fifteen cent tax and issued bonds to the amount of thirty-five hundred ($3,500.00) dollars, and has levied a maintenance tax of thirty-five cents on the one hundred dollars on the property embraced in said common school district No. 9, and said bonds are for the most part still outstanding."

The trial court's conclusions of law were thus stated:

"I conclude as a matter of law that it is not necessary that the town or village proper have 200 inhabitants in order to entitle it to incorporate for free school purposes only under the provisions of articles 2850 and 2851 of the Revised Civil Statutes of 1911, and that the territory described in the petition presented to the said W. A. Leigh, county judge, and in the petition herein, contains the requisite number of inhabitants, and that the petition was signed by the requisite number of qualified voters resident within said district for the time prescribed by law. I conclude that under article 2842 of the Revised Civil Statutes of 1911, the limits and boundaries of said common school district No. 9 cannot be decreased until after the bonds voted for the building of schoolhouses as set forth in the findings of fact herein, and the accrued interest thereon shall have been fully paid, and that therefore the county judge properly refused to order the election on the petition presented to him, and that the writ of mandamus should be refused to petitioners herein, and it is so ordered."

[1] We will first consider appellee's cross-assignment raising the question of the jurisdiction of the district court of Walker county, namely:

"The court erred in overruling appellee's exception to the petition for writ of mandamus, to the effect that the court was without jurisdiction to hear said petition, because W. A. Leigh, county judge of Walker county, had taken jurisdiction of said petition, heard evidence, and had rendered judgment thereon."

We overrule this assignment, and hold that said district court had jurisdiction. The general rule is that mandamus lies to compel performance by public officers of duties ministerial in their nature, and where the facts do not call for the exercise of discretion in their performance. The county judge, who was not acting as a court, but merely as county judge, in his consideration of the petition filed by these appellants for the election to determine whether the town of Phelps should incorporate for free school purposes only, filed findings of fact, and there is no question of fact at all involved in the decision of the county judge. He refused the petition on legal grounds, and in such case, we think, there is no question that the parties aggrieved have the right to resort to mandamus. Porter v. State, 78 Tex. 591, 14 S. W. 794; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505.

The appellants contend that the trial court's first conclusion of law, holding it unnecessary that the town or village proper have 200 inhabitants to entitle it to incorporate for free school purposes only is correct, but yet assail its judgment on the ground that the second conclusion holding that, under article 2842, Revised Civil Statutes of 1911, the limits and boundaries of said common school district No. 9 cannot be decreased until said outstanding bonds against it had been fully paid, was erroneous; while upon the other hand the appellee's contention is the exact reverse.

The determination of the issues thus sharply joined will dispose of every question presented to this court; the two statutes involved and invoked by appellants are as follows:

"Art. 2850. At any time hereafter, it shall be lawful for any town or village which may desire to incorporate for school purposes only, to make application to the county judge for the organization of an independent school district, as provided for by the general statutes governing such cases, and for the election of a board of trustees, as provided in this title, and on receipt of such application it shall be the duty of the county judge to proceed as required in articles * * * and * * * of this chapter.

"Art. 2851. A town or village authorized to incorporate under this chapter, or having two hundred inhabitants or over, may form an incorporation for free school purposes only, which may include within its bounds a town or village incorporated for municipal purposes, the same not having assumed control of the public schools within its limits: Provided, that the territory so incorporated for free school purposes shall not exceed an area of twenty-five square miles: Provided that said corporation shall be laid out in a square as near as is practicable with reference to the location of the school building; and when so desiring an election may be held under the provisions of this title and chapter; and if, at such election, a majority of the votes cast be in favor of the incorporation, it shall be the duty of the county judge to make return thereof, and cause a record of the result of such election to be made, the same as provided for by articles 1040 and 1041, Revised Statutes of Texas, upon which entry being made, such town or village shall be regarded as duly incorporated for the purpose of establishing and maintaining free schools therein, and shall, upon notice to the state board of education by the board of trustees hereinafter provided for, receive such pro rata share of the available school fund as its scholastic population may entitle it to. And provided also that all school incorporations hereafter formed under the provisions of this chapter shall have the right to levy and collect taxes and issue bonds for school purposes, the same as school incorporations heretofore formed. When a town or village is included in a corporation for free school purposes, and such town or village shall afterwards be incorporated for municipal purposes, it shall not thereby acquire a right to take the control of the schools within its limits out of the hands of the school corporation."

Applying, now, to these statutes the said antagonistic contentions of the litigants here, we quote in full the second assignment of appellants, as follows:

"The court erred in its second conclusion of law, holding that the territory embraced in common school district No. 9 cannot be diminished until the bonds heretofore voted for school building purposes by said common school district No. 9 shall have been fully paid, because the Legislature of the state of Texas has authorized and empowered a town or village to incorporate for free school purposes only, and the only limitation on such right is that the territory so incorporated shall not exceed an area of 25 square miles."

Likewise the corresponding contrary proposition of appellee is thus fully stated:

"The court did not err in refusing the mandamus prayed for by petitioners, because petitioners had no right to incorporate said territory into an independent school district, because there was not within said territory a town or village having two hundred inhabitants or more."

[2] We overrule this assignment of appellants, and at the same time sustain the quoted contrary proposition of appellee. We think appellants misconstrue articles 2850 and 2851 of the Revised Statutes, in contending that said articles authorize the incorporation of independent school districts ad libitum. Said articles do not authorize the incorporation of independent school districts, except where the territory embraced within the bounds of the proposed district contains a town or village of 200 inhabitants or over; nor do said articles authorize the incorporation of an independent district which is already bonded, and which bonds are unpaid. We think counsel for appellants err in their construction of these articles and in overlooking entirely article 2842, which, it seems to us, in plain and mandatory terms, prohibits the incorporation of any part of a district into a new district until the debts outstanding against said district are fully paid. This is manifestly the proper construc-

tion to be given to these articles, because under the Constitution, when a territory has voted bonds and levied a tax upon the property in that territory for the payment of the bonds, these bonds cannot be repudiated nor impaired by any subsequent act of the Legislature, nor of the people residing in the district. Moreover, the power of a given territory to levy taxes is limited, under the Constitution, and the effect of permitting the incorporation into a new district of territory already included in a district and incumbered with a bonded indebtedness would be to indirectly violate the terms of the Constitution either in repudiating, in effect, the bonds outstanding, or in levying more than the constitutional limit on that part of the territory proposed to be included in the new district.

Said article 2842, Revised Statutes of Texas, reads as follows:

"After said bonds shall have been issued and sold and said tax. shall have been levied sufficient to pay said bonds and the interest thereon as provided above, it shall not be lawful to hold an election in said district to determine whether or not said tax shall be discontinued or lowered, until said bonds, together with interest thereon, shall have been fully paid; nor shall the limits and boundaries of said common school districts ever be decreased until after said bonds, and the accrued interest thereon shall have been ·fully paid."

We think it all the more plain that the Legislature intended this inhibition contained in article 2842 to apply to the independent school districts provided for in articles 2850 and 2851 because this same specific inhibition is contained in article 2815 of the same act, providing for the establishment of school districts by commissioners' courts, and in general article 2856b of the same act, providing the manner in which "all independent school districts incorporated for free school purposes * * * may be changed or abolished," etc.

It may be here noted that no such inhibition as is thus contained in the present law, which is the act passed in 1905 by the Twenty-Ninth Legislature "providing for a complete system of public free schools in Texas," was contained in the act of 1893 construed as article 3938, Sayles' Civil Statutes of 1897, by this court in State ex rel. Anderson v. Norwood, 24 Tex. Civ. App. 24, 57 S. W. 875, cited and relied upon by appellants here; that article provided for the subdivision of the county into school districts by the commissioners' court, and the only inhibition was, "when such districts are once established they shall not be changed without the consent of a majority of the legal voters in all districts affected by such change"; the court held that such inhibition was against changes by the commissioners' court only, and did not .operate to prevent those made by the Legislature direct or through its properly delegated authority. A further marked difference

between that case and the one at bar was that no question of outstanding and unpaid bonds was there raised or invoked, while here that is the crux of the situation.

While we have found more difficulty in reaching our other stated conclusion that the trial court erred in holding it not necessary that the town or village proper have 200 inhabitants in order to entitle it to incorporate for free school purposes only, under the provisions of said articles 2850 and 2851, we yet think that the proper construction, especially when the validating act of the same statute, article 2855, is read in connection with them. That act is as follows:

"Independent school districts heretofore organized which have not the required population in the town proper, but have such population in the whole independent district, shall be validated by this chapter."

It seems to us clear that under the law providing for the incorporation of independent districts for school purposes only, in force prior to the enactment of this act in 1905, to wit, article 3994, Sayles' Civil Statutes of 1897, there could be no incorporation of a town or village for school purposes only without the 200 inhabitants, and that the present statute merely amended that one without changing said requirement as to population; indeed, this question, while it may not have been necessary to the decision of that case, was passed upon· by the Court of Civil Appeals in Wilson v. Brown, 145 S. W. 641, in the following language:

"The statute requires that, before the county judge is authorized to order an election to determine whether or not a given territory shall be incorporated as an independent school district, satisfactory proof must be made to him that there is within that territory a town or village containing two hundred inhabitants."

From the conclusions stated, it follows that the trial court did not err in refusing the writ of mandamus, and that judgment will be in all things affirmed.

Affirmed