**HILL et al. v. SMITHVILLE INDEPENDENT SCHOOL DIST. et al.   (No. 6531.)\***

(Court of Civil Appeals of Texas. Austin. Feb. 24, 1922. Rehearing Denied March 29, 1922.)

1. **Constitutional law** ⬅═121(2)—**Act creating school district not invalid as impairing contract.**

Where agreements with teachers had not been approved by the county superintendent as provided by Rev. St. art. 2756, and did not in law constitute contracts, such agreements were not impaired by the creation of an independent school district under legislative powers granted by Const. art. 7, § 3.

2. **Taxation** ⬅═40(6)—**Act creating an independent school district held not to provide for unequal taxation.**

Where Act Aug. 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), created an independent school district by taking certain portions out of other districts and incorporating them in the independent district, such portions from the other districts were automatically released from taxes which might thereafter be levied on the districts of which they were no longer a part, and, being incorporated into and forming a part of the new district, they are required only to pay the same maintenance tax as the rest of the independent districts, and such release from maintenance taxes which may be levied upon property in the other districts was not repugnant to Const. art. 3, §§ 55, 56.

3. **Taxation** ⬅═501—**No tax lien when there is no tax debt.**

There can be no tax lien when there is no tax debt.

4. **Constitutional law** ⬅═229(1), 283—**Act creating independent school district held not to deprive property owners of equal protection or due process.**

Where Act Aug. 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), creating an independent school district, imposed no unconstitutional burdens on the property in the district and provided for the levy and collection of the taxes in the manner provided by law, a contention that the act deprived property holders in districts brought into newly created district of equal protection of the law, and deprived them of their property without due process of law, was without merit.

5. **Constitutional law** ⬅═188—**Act creating an independent school district held not invalid as retroactive.**

Act Aug. 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), creating the

---

Smithville independent school district, *held* not repugnant to Const. art. 1, § 16, which prohibits retroactive legislation.

**6. Constitutional law &ConnaG;42—Where no attempt by school district to exercise powers under provision of act, unconstitutionality of such provision affords no ground for injunction against tax levy under act.**

Where it is not shown that a school district organized by Act Aug. 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), attempted to exercise the powers of a town or village incorporated under the general laws, that the act may be void so far as it conferred such powers in violation of Const. art. 3, § 35, as to subject and title, affords no ground for injunction against a tax levy under the act.

**7. Schools and school districts &ConaG;111—Plaintiffs within rights in attacking tax election on ground of unconstitutionality of act creating district, but their petition demurrable so far as alleging irregularities.**

In a suit to restrain the levy and collection of a tax in an independent school district in so far as plaintiffs attacked the legality of an election held in the school district in which a maintenance tax was voted on the ground that Act Aug. 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), creating the district, was unconstitutional, and therefore the district had no right to hold any election, plaintiffs were within their rights in seeking to enjoin the levy, but, in so far as their petition alleged that there were certain irregularities in the manner in which the election was held, sustaining of a demurrer thereto was proper.

**8. Schools and school districts &ConaG;103(2)—Irregularities in manner of appointment of election judges no ground for setting election aside.**

Though Acts 37th Leg. (1921) c. 24, § 15 (Vernon's Ann. Civ. St. Supp. 1922, art. 2858a), provides that the board of trustees of a district shall name a judge and clerks at a tax election, where a board pursuant to a former law appointed a manager of election and ordered that he select three judges and clerks, who conducted the election in a legal and impartial manner, the irregularities in the manner of their appointment of the judges offers no grounds for setting the election aside.

**9. Elections &ConaG;55—Law with reference to irregularities in appointment of election officers summarized.**

The statutes with reference to the manner of appointing election officers are directory, and, where they have not been complied with, if it be shown that the election was held at the time and place provided, was fairly conducted, that the vote as cast, counted, and returned expressed the will of the majority of the qualified voters voting, irregularities as to manner of appointing the election officers will not affect the validity of the election in the absence of a clause in the statute expressly to the contrary.

**10. Schools and school districts &ConaG;103(2)—Officers holding tax election held to be de facto officers.**

Where the board of trustees appointed a manager of a tax election and directed him to select three judges and clerks to assist, the officers appointed were de facto officers, though the manager was not a de facto officer for the reason that there was no such de jure office.

**11. Elections &ConaG;40—Election not void where voters had actual notice.**

Where the voters had actual notice of an election, the election is not void because notices thereof were not posted.

#### On Motion for Rehearing.

**12. Constitutional law &ConaG;121(1)—Powers conferred on school districts are rather duties than privileges or "contracts."**

A district is created by the state for purposes of government, and the powers conferred are rather duties imposed than privileges granted, subject to legislative control, and not a contract within purview of the Constitution, and taking territory from an old district and adding it to a new one did not violate a contract and was not repugnant to Const. U. S. art. 1, § 10, nor Const. Tex. art. 1, § 16.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Suit to restrain levy and collection of a tax by T. O. Hill and others against the Smithville Independent School District and others. From an order dissolving a temporary injunction, plaintiffs appeal. Affirmed.

J. S. Jones and J. H. Powell, both of Bastrop, for appellants.

A. C. Smith, of Houston, for appellees.

#### Findings of Fact.

JENKINS, J. The Smithville independent school district was created by a special act of the Legislature of this state of August 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), which took effect on that day. It includes within its bounds the town of Smithville, which had theretofore assumed control of its public schools, and also considerable adjacent territory, including parts of the Alum Creek, the Upton, the Lower Hill Prairie, and Lake Farm common school districts.

On April 10, 1916, the Alum Creek district issued bonds for school purposes, $400 of which are still outstanding and unpaid. Said district, prior to the passage of said act, had levied a tax of 25 cents on the $100 valuation of property therein to pay the interest on sinking fund of said bonds.

On February 17, 1916, the Alum Creek district levied a maintenance tax of 25 cents

---

&ConaG;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(239 S.W.)

on the $100 valuation of property in said district which is still in force in said district as now constituted.

On April 9, 1917, the Upton district levied a maintenance tax of 15 cents on the $100 valuation of property in that district, which is still in force in that district as now constituted.

Prior to the passage of the act creating the Smithville independent school district, the town of Smithville had issued for school purposes bonds in the aggregate sum of $82,400, and levied at the respective times of issuing the same a tax to meet the interest and sinking fund thereon, aggregating 10 cents on the $100 valuation of property in said town. Said bonds are outstanding and unpaid.

Section 5 of the act provided that all outstanding indebtedness should remain chargeable against the territory which voted the same, but that the board of trustees might order an election "for the purpose of determining whether or not the district herein created as a whole shall assume such outstanding indebtedness."

On September 24, 1921, an election was held in the Smithville independent district to determine whether or not the trustees of said district should be empowered to levy an annual tax for maintenance purposes, not to exceed 100 cents on the $100 valuation of property therein. A large majority of the voters of the district cast their votes in favor of the tax.

The board of trustees of said Smithville district has levied for the year 1921 a tax of 60 cents on the $100 valuation of property in said district. It is alleged by appellants that, unless restrained from so doing, said trustees will cause such tax to be assessed and collected.

Appellants brought this suit to restrain the levy and collection of said tax. They obtained a temporary injunction restraining the assessment and collection of such tax, which, upon motion, was dissolved by the trial court. This is an appeal from the judgment dissolving the temporary injunction. The appellants were qualified by citizenship and property interests to bring this suit.

The alleged grounds for injunction were the unconstitutionality of the act and irregularities in the manner of holding the election.

### Opinion.

The power of the Legislature to create an independent school district is expressly granted by the Constitution of this state (article 7, § 3). Hence it follows that, unless the act creating the Smithville independent school district violated some other provision of the Constitution, its validity must be upheld. It is the contention of appellants that it did so in the following particulars:

(1) That it impairs the obligation of contracts.

(2) That under it taxation is not equal and uniform.

(3) That it releases and relinquishes indebtedness, liabilities, and obligations.

(4) That it deprives appellants of the equal protection of law.

(5) That it deprives appellants of their property without due process of law.

[1] The contention that the act impairs the obligation of contracts rests upon the allegation that the Alum Creek and the Upton common school districts had made contracts with teachers prior to the passage of said act which they would be unable to fulfill if the Smithville district was permitted to take away portions of their territory and scholastics, as provided in said act.

A sufficient reply to this is that no such contracts had been made prior to the creation of the Smithville district. It is true that the trustees of those districts had signed an agreement with teachers as to their employment for the ensuing year, but these agreements had not been approved by the county superintendent. Until so approved they did not in law constitute contracts. R. S. art. 2756; Thomas v. Taylor (Tex. Civ. App.) 163 S. W. 129.

[2] The contention that the act provides for unequal taxation rests upon the fact that prior to the creation of the Smithville district the Alum Creek district had voted a maintenance tax of 50 cents on the $100 of property in that district, and that the Upton district had voted a maintenance tax of 15 cents, and that, inasmuch as the tax authorized by the election complained of authorizes the levy of a 60-cent tax on all property in the Smithville district as now comprised, the tax in the Upton district will be 75 cents, and that in Alum Creek district will be $1.10, while property in the remaining part of the territory will be taxed only 60 cents on the $100.

This contention is unsound, for the reason that the act by taking certain portions of the Alum Creek and Upton districts out of those districts, and incorporating them in the Smithville district, automatically released such portions from any taxes which might thereafter be levied upon such districts of which they were no longer parts. State v. Norwood, 24 Tex. Civ. App. 24, 57 S. W. 876; Oliver v. Smith (Tex. Civ. App.) 187 S. W. 528.

The portions of the Alum Creek and Upton districts, as they formerly existed, which were incorporated into and now form parts of the Smithville district, will be required to pay the same maintenance tax as the rest of the Smithville district.

The act in releasing such portions of the Alum Creek and Upton districts from the maintenance tax which may hereafter be

levied upon property in those districts is not repugnant to article 3, § 55, nor to article 3, § 56, of the Constitution of this state, for the reason that a debt which has never been incurred cannot be said to have been released. The act, by taking portions of the common school districts and placing them in the Smithville district, simply placed them in a position whereby they would not incur any debt for the future maintenance of schools in the districts of which they were formerly parts.

[3] As to releasing the tax lien, there can be no tax lien when there is no tax debt.

As to the bondholders' lien upon property in the Alum Creek district, the act in question does not undertake to release the same, but expressly declares the contrary.

[4] As the act imposes no unconstitutional burdens on property in the district, and provides for the levy and collection of taxes in the manner provided by law, there is no merit in the contentions that it deprives appellants of the equal protection of law, or that it deprives them of their property without due process of law.

[5] Section 5 of the act here under consideration provides that the board of trustees of the district therein created may order an election to determine whether or not the district as a whole shall assume the outstandng bonded ndebtedness theretofore voted by any territory included within the Smithville district, 'as created by this act. It is the contention of appellants that this section is repugnant to article 1, § 16, which prohibits retroactive legislation. We fail to see wherein the section of the act is retroactive. If it should hereafter be attempted to spread the bonded indebtedness of Smithville over the entire district by a vote of the people of the district, it will be time enough to determine the legality of such action when the same is attempted. It was not attempted by the election which is here sought to be set aside.

[6] It is also contended by appellants that the act incorporating the Smithville independent district is void, for the reason that it violates article 3, § 35, of the Constitution, which provides:

"No bill * * * shall contain more than one subject, which shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Appellants admit that the caption of the act embraced but one subject, namely, the creation of an independent district; but they allege that section 3 of the act embraces another subject, namely, it confers upon the district, in addition to the powers which may be exercised by such a district, the powers of a town or village incorporated under the general laws of this state.

If such contention is correct, under the express provision of the Constitution, the act would be void only as to this provision. It is not shown that the Smithville district has attempted to exercise such powers, and hence the provision referred to affords no ground for injunction in the instant case.

[7] Having arrived at the conclusion that the act creating the Smithville independent school district is constitutional, we come now to consider the alleged irregularities in the election at which the tax sought to be enjoined was voted.

Appellants assign error upon the following conclusion of law, filed by the trial court:

"That in attacking the legality of the election held in said school district, in which a maintenance tax was voted, the plaintiffs are in effect making a collateral attack on said election, when they would have an adequate remedy at law, to wit, a direct contest of said election, * * * and for this reason the court is of the opinion that the demurrer of the defendants upon this point should have been sustained, and the court here now so holds."

In so far as appellants attacked the election on the ground that the act creating the district was unconstitutional, and therefore the Smithville district had no right to hold any election for the purpose of levying a tax, and that therefore the result of any such election was a nullity, we think the appellants were within their rights in seeking to enjoin the levy of the tax voted at such election. But, in so far as the petition alleged that there were certain irregularities in the manner in which the election was held, we think the trial court was correct in holding that the demurrer should have been sustained "upon this point." Coffman v. Goree (Tex. Civ. App.) 141 S. W. 132; Harbin v. Denman (Tex. Com. App.) 222 S. W. 539. But, however this may be, the court having heard the evidence as to such alleged irregularities, and the same being before us in the statement of facts, we will consider appellants' assignments of error in reference thereto upon their merits.

[8] Section 15, General Laws Thirty-Seventh Legislature, Regular Session, c. 24 (Vernon's Ann. Civ. St. Supp. 1922, art. 2858a), provides that, when an election is ordered, "the board of trustees shall * * * name a judge and two clerks at each polling place, or more judges and clerks if deemed necessary."

The former law in reference to this matter required the board of trustees to appoint an election manager, as was done in this instance. This law had been recently repealed, which fact was doubtless unknown to the board of trustees, and this accounts for the following order made by the trustees:

"Mr. Roger Byrne is hereby appointed manager of said election, and he shall select three judges and two clerks to assist him in holding the same."

The judges and clerks who held the election were appointed by Mr. Byrne, in accordance with said order, and for this reason appellants seek to have the election declared illegal. It is not alleged or shown that the appointment of the judges and clerks of the election by Mr. Byrne was in any way prejudicial to appellants. On the contrary, it appears that he acted impartially in the premises. Though, as shown by the result of the election, a large majority of the voters of the district were in favor of the tax, those who opposed it were given equal representation on the board composing the election judges and clerks; a large majority of the voters of the district voted at the election; no voter objected to any judge or clerk of the election; no voter was denied the privilege of voting; the vote as cast was fairly counted and correctly returned; in short, the election judges appointed by Mr. Byrne conducted the election in a legal and impartial manner. Such being the case, the irregularities in the manner of their appointment offered no grounds for setting aside the election. State ex rel. Anderson v. Norwood, 24 Tex. Civ. App. 24, 57 S. W. 875; Savage v. Humphries (Tex. Civ. App.) 118 S. W. 901; Ex parte White (Tex. Cr. App.) 28 S. W. 544; Deaver v. Tripp, 27 Tex. Civ. App. 453, 66 S. W. 256; Fowler v. State, 68 Tex. 36, 3 S. W. 255; McKinney v. O'Connor, 26 Tex. 11; Truesdell v. Bryan, 24 Tex. Civ. App. 386, 60 S. W. 60.

[9] The law with reference to irregularities in the appointment of election officers, as deduced from the authorities cited, may be summarized as follows: The statutes with reference to the manner of appointing election officers are directory. Where the same have not been complied with, if it be shown that the election was held at the time and place provided by law, that the election was fairly conducted, and that the vote as cast, counted, and returned expressed the will of the majority of the qualified voters voting at such time and place, irregularities as to the manner of appointing the election officers will not affect the validity of the election, in the absence of a clause in the statute expressly to the contrary. In such case, if there is no protest on the part of the voters, they will be held to have ratified the illegal appointment of the election judges, or even their unauthorized assumption of authority, where they have acted without being appointed by any one.

[10] Appellants assert that Roger Byrne cannot be held to have been the de facto manager of the election, for the reason that there was no such de jure office.

True it is that, where there is no de jure office, there can be no de facto officer. Norton v. Shelby County, 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 186, 188; Gray v. Ingleside (Tex. Civ. App.) 220 S. W. 350. In the instant case, there being no such office as manager of the election, Mr. Byrne was not such an officer de facto. The election was held by the judges appointed by Byrne. There is a de jure office of judges of election, and the officers holding the election were de facto officers.

[11] The appellants further contend that the election was void for the reason that the notices thereof were not posted by the secretary.

The resolution of the board of trustees by which the election was ordered provided that a certified copy of such resolution should be posted by the secretary as notice of the election. This was done. But, regardless of whether or not the resolution was literally complied with, the election cannot be held void for want of such notice. The voters had actual notice of such election, as is shown by the fact that a large majority thereof voted at the election. It was not alleged or proven that any one failed to vote at the election for want of notice thereof. Wallis v. Williams, 50 Tex. Civ. App. 623, 110 S. W. 787; State v. Troell (Tex. Civ. App.) 207 S. W. 611; Buchanan v. Graham, 36 Tex. Civ. App. 468, 81 S. W. 1237.

We do not think that appellants have suffered any injury by reason of the court's failure to find additional facts.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[12] Appellants, in their motion for rehearing, present us what, from their viewpoint, are two horns of a dilemma, namely: Either the act creating the Smithville district does relieve the territory taken from the Alum Creek and the Upton districts from the maintenance tax levied and assessed against those districts prior to the passage of that act, or it does not. They assert that, if it does, it violates article 1, § 10, of the Constitution of the United States, which forbids any state to make "any * * * law impairing the obligation of contracts," and also article 1, § 16, of the Constitution of Texas, which declares that "no * * * law impairing the obligation of contracts shall be made," or, if it does not, that it subjects that part of the territory so taken to unequal taxation, inasmuch as the same will also be subjected to a maintenance tax in the Smithville district.

We hold that the passage of the act automatically relieved the portions of the common school districts included in the Smithville district from the payment of any maintenance tax to the district to which they formerly belonged. We think that the legal status of a school district is the same as that of counties which "are not corporations in the fullest sense of the term. They are commonly called quasi corporations. They

are created by the state for the purposes of government. Their functions are political and administrative, and the powers conferred upon them are rather duties imposed than privileges granted." Heigel v. Wichita County, 84 Tex. 394, 19 S. W. 562, 31 Am. St. Rep. 69. They are created for political purposes, and are subject to control by the legislative powers of the state. Such a corporation is not a contract within the purview of the Constitution. Alley v. Denson, 8 Tex. 301.

Public education is a function of state government. That it may efficiently discharge its duties in this respect, it creates, either by direct legislative action or indirectly through its agents, commissioners' courts, school districts with defined boundaries, which, under certain restrictions, may levy and collect taxes within their respective boundaries, to be used in aiding the state in its work of education. The Legislature may change such boundaries as it may see fit, even to the extent of abolishing a district by absorbing it within the boundaries of another district.

A maintenance tax had been levied in the common school districts referred to on August 8, 1921, but was not due or collectable for several months thereafter. Suppose the whole of these districts had been included in the Smithville district, which was created August 18, 1921; who would have collected the maintenance tax for these districts? Not the districts themselves, for they would have had no existence. Upon the passage of the act creating the Smithville district, the Alum, Creek and Upton districts ceased to exist as to the territory included in the Smithville district. These districts had no continuing right to such territory, and depriving them of the same did not violate any contract.

As to any injustice that may have been done to the Lake Farm common school district by reducing its territory, that is a matter to be remedied by the Legislature or by the commissioners' court of Bastrop county.

The motion for rehearing is overruled.

Motion overruled.