Travis **HALEY** et al., Appellants,

v.

Charles **OWENS** et al., Appellees.

No. 8108.

Court of Civil Appeals of Texas, Texarkana.

July 11, 1972.

Jim N. Thompson, Fisher, McLaughlin & Harrison, Paris, for appellants.

Hardy Moore, Moore & Lipscomb, Paris, Austin Guest, Clarksville, for appellees.

DAVIS, Justice.

This is a contest of a special election that was called by the Board of Trustees of the Detroit Independent School District of Red River County, Texas, on the 3rd day of August, 1971, to be held on the 21st day of August, 1971, for the levy of a "Maintenance Tax" to help maintain and operate the Detroit Independent School District and for "The Issuance of Bonds in the Amount of $400,000.00 and the Levying of a Tax for the Payment Thereof." Contestants Travis Haley, A. C. Ford and E. B. Stribling contested the election. The "Maintenance Tax" carried by 218 votes "for" the "Maintenance Tax" with 91 votes "against." "The issuance of Bonds and the Levying of the Tax in Payment Thereof" carried by 226 votes "for" to 76 "against."

After the amended motion for a new trial was overruled, the Contestants filed an appeal bond in which they listed Travis Haley as "principal" and E. B. Stribling and A. C. Ford as "sureties." Contestees, The Board of Trustees of the Detroit Independent School District filed a motion to dismiss the appeal because the appeal bond was signed by Travis Haley, as principal, and A. C. Ford and E. B. Stribling as sureties. Contestees take the position that the appeal bond as filed is a nullity. However, it can be amended. Rule 430 Texas Rules of Civil Procedure. Owen, et al. v. Brown, Tex.Sup.Ct., 447 S.W.2d 883. Instead of calling this fact to the attention of the Contestants, the court just marked it to be carried with the case. Of course, as the record now stands, this court is without jurisdiction. Therefore, the case will be dismissed for want of jurisdiction unless the Contestants file an amended appeal bond within ten days hereafter with Travis Haley, A. C. Ford, and E. B. Stribling, as principals, and the necessary person, or persons, signing the same as surety, or sureties, as provided by the Texas Rules of Civil Procedure.

Since the Supreme Court allowed an appeal bond to be amended in the Supreme Court, Owen v. Brown, supra, we will have to give the Contestants the right to amend their appeal bond in this case.

The Contestants will have to sign the appeal bond as principals and then secure the right number of sureties as required by the Texas Rules of Civil Procedure. 3 Tex. Jur.2d 586, Sec. 328. Since the bond is defective, and a new bond is required, the Clerk of the trial court has no authority to approve the amended bond, but it must be approved by the Clerk of the Court of Civil Appeals. 3 Tex.Jur.2d 587, Sec. 329.

We will have to discuss the points of error that have been raised by the Contestants. They bring forward six points of error. They say the trial court erred in rendering judgment for Contestees because the officials who conducted the election did

not call on any voter to swear to an affidavit as to whether or not they owned property in the Detroit Independent School District in violation of Art. 5.04 of the Texas Election Code, V.A.T.S.; in rendering judgment for the Contestees because absentee voting was conducted for a period of only nine days in violation of Art. 5.05(3) of the Texas Election Code; in rendering judgment for Contestees because the evidence is undisputed that there was no legal or lawful appointment of the presiding judge who conducted the election in violation of Art. 3.01 of the Texas Election Code; in rendering judgment for the Contestees because Art. 8.01 of the Texas Election Code was not complied with in that no oaths were administered the purported officials conducting the purported election; in rendering judgment for the Contestees because the evidence is undisputed that there was no list available showing the qualified voters of the Detroit Independent School District and certified to for the use of election officials to ascertain whether or not a voter was a bonafide voter of said school district; that Art. 5.04 of the Texas Election Code was violate; and, in rendering judgment for the Contestees because the evidence shows and it was stipulated that no notices were posted by the Contestees pertaining to the election as required by Art. 23.07 of the Texas Education Code, V.T.C.A.

Contestees take the position that the Contestants failed to prove that notice of the contest was given and served as required by Art. 9.03 and 9.05 of the Texas Election Code. Therefore, the trial court did not acquire jurisdiction and the cause should be dismissed. Although the transcript contains what purports to be a notice of contest and a certificate of service, they were not introduced into evidence or otherwise proved up. The fact of service was not admitted by the Contestees in their answer or otherwise. There must be proof of service of the notice and statement required by the statutes. 21 Tex.Jur.2d 448, Sec. 180, and the authority cited therein.

By their second counterpoint, Contestees say that Art. 5.04 of the Texas Election Code, as amended, stipulates that no vote cast in such an election shall be invalidated because of any defect, inefficiency or misstatement in the affidavit . . . if the voter in fact is the owner of any property which has been rendered for taxation. There was some evidence that some sheet of paper was signed which began with these words: "I do solemnly swear * * *."

There was no pleading of fraud or any material irregularities that kept anyone from voting who presented himself to vote. The presiding judge was sworn in, according to the testimony. Another case of striking similarity to this case was the election of the trustees in a common school district that was contested on the ground the persons who held the election were not appointed by the Commissioners Court, nor selected by the voters present at the election. They were not sworn in; nor was their return to the Commissioners Court. It was made to the County Judge of Taylor County. The Commissioners Court had appointed T. B. Cross, J. H. Deaver and J. A. Buchee to hold the election. On the morning of election day, at Buffalo Gap, the proper place for holding said election, some of the electors of said district had assembled, and among them T. B. Cross, who declined to hold the election, and suggested that the voters present be called together and elect officers from among themselves to hold the election. A man by the name of I. S. Thurmond stated that he had been appointed by the County Judge to hold the election, and he intended to do so. He selected D. A. Shaw and J. F. Robinson to assist him as Clerks. They held the election. Neither of them were sworn as election officers. Although the appointment of Thurmond by the County Judge was void, the election was fairly and honestly held and resulted in the election of J. H. Deaver, the respondent, as one of the trustees. The case was affirmed. Deaver

v. State, ex rel. Tripp, 1901, 27 Tex.Civ. App. 453, 66 S.W. 256, error refused.

Contestants take the position throughout their brief that the bond election is void. Judge Ocie Spear disposed of the contention that a school election is void when there was no allegation of fraud, the election was fairly and honestly held at all times and everybody who came to vote was permitted to do so. Buchanan v. Graham, 1904, 36 Tex.Civ.App. 468, 81 S.W. 1237, N.W.H.

The action of the board of trustees in calling the election was offered in evidence. A phamphlet that was printed by the school district and distributed among the voters of the Detroit Independent School District was offered in evidence. The resolution canvassing returns of the election and declaring the result thereof was offered in evidence. The minutes pertaining to resolutions canvassing returns and declaring the results of the election was offered in evidence. There was offered in evidence a pamphlet showing the indebtedness that was owed by the Detroit Independent School District. A notice of the calling of the special election to vote the Maintenance Tax and the bonds in the Detroit Independent School District was published in the Clarksville Times, a newspaper published in Clarksville, Red River County, Texas, on August 5, 1971, was offered in evidence. The Contestant did not offer anything in evidence that would have the least tendency to void the election. There were many irregularities, but when you consider them all together they are not enough to void the election.

Art. 23.07 of the Texas Education Code pertaining to the election of school trustees in a common district is not applicable to the case at bar.

The judgment of the trial court is affirmed.

No motion for rehearing will be allowed to be filed in this case.

CHADICK, C. J., concurs in the order affirming the judgment of the trial court.

## ORDER OF DISMISSAL

DAVIS, Justice.

On June 27, 1972, the appeal bond, as filed by Appellants, was found to be defective. A motion to dismiss the appeal because of the defective appeal bond was filed by Appellees. This fact was called to the attention of Appellants, who each attempted to prosecute the appeal. Appellants were given ten (10) days after June 27, 1972 to file a corrected and amended appeal bond so that if they wanted to file an application to the Texas Supreme Court for a writ of error, they could do so, because we went ahead and affirmed the judgment of the trial court to rush the case to a quick completion in the event an appeal bond was filed. Appellants did not avail themselves of the privilege of filing an amended appeal bond within the time as directed by this Court. Appellants were further advised that if they did not file an amended appeal bond within the ten (10) day period, the case would be dismissed for the want of jurisdiction. This we will have to do.

The appeal is dismissed for the lack of jurisdiction.